### KELLY v. MALOTT.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1905.)

#### No. 1,105.

**1. CARRIERS—CONTRACT FOR CARRIAGE OF EXPRESS MESSENGERS—EXEMPTION FROM LIABILITY.**

A railroad company may lawfully exempt itself by contract with an express company using its cars from liability for negligence of its employés causing the injury of express messengers occupying such cars, and, where a messenger has assented to such exemption in his contract of employment with the express company, there can be no recovery from the railroad company for his injury or death.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1252–1263.]

**2. NEGLIGENCE—PLEADING—GROSS NEGLIGENCE.**

A characterization of defendant's negligence as gross, in a declaration, does not change the legal effect of the allegation from what it would have been, had the term "negligence" alone been used.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 15.]

In Error to the Circuit Court of the United States for the Southern District of Illinois.

The declaration, in two counts, alleged that Kelly, a messenger of the Adams Express Company, while in the discharge of his duties in an express car in one of defendant's trains, was killed in a collision that occurred through the "gross negligence" of the defendant. The first count charged that defendant's "gross negligence" grew out of the train crews' handling of the trains that collided; the second, out of the acts and omissions of the train dispatchers.

A plea was filed in which two contracts were set forth—one between Kelly and the express company, and the other between the express company and

defendant. The preamble of the first recites that railroad companies require of the express company, as a condition of permitting a messenger to travel upon their cars or other conveyances in the performance of his duties as messenger, that the railroad companies shall be indemnified against and released from all liability for and in respect of any damage or injury which may be sustained by the messenger in the course of his employment, whether the same be occasioned by the "negligence" of the railroad companies or otherwise. In the body of the contract Kelly fully consents to and ratifies each and every bond or other instrument or contract of indemnity against such liability, and each and every release from such liability, or other similar contract executed and to be executed by the express company to any railroad company or other carrier, and agrees to assume all risk of death or accident or damage to him or his property, and releases and discharges the Adams Express Company and any railroad company in whose cars he may travel in the performance of his duties from any and all claims, liabilities, and demands of every kind, nature, and description for or on account of his death, or any injury or damage to his person or property of any kind or nature, whether caused by the "negligence" of the Adams Express Company, or of any railroad company, or otherwise. By the second contract the defendant permitted the Adams Express Company to carry on its express business on the lines of railroad operated by the defendant, and provided for the carriage on such lines of the employés of the express company, and of the merchandise and property handled by it over such lines; and the Adams Express Company, in turn, assumed all risk of loss or damage that might arise or result from its operations under the contract, and agreed to save the defendant harmless against the same, and to protect him against claims that might be made upon him for loss or damage, either to the employés of the express company, or to the property in its charge, whether such loss or damage should occur through the "gross negligence" of the defendant or his employés, or otherwise. The plea further averred that at the time Kelly was injured he was being carried on the railroad of the defendant under the terms of the contracts between him and the express company and between the express company and the defendant, and not otherwise.

A general demurrer to this plea was overruled, and the judgment followed which is now under review.

William B. Wright, for plaintiff in error.

John G. Williams, for defendant in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge (after stating the facts). The declaration counts on "gross negligence." Though the plea shows that the contract between the express company and the defendant contained an exemption from the consequences of "gross negligence," the plea can be taken only as relying on a forgiveness of "negligence," because Kelly did not authorize the express company to make a broader contract on his behalf.

If the declaration be construed to charge the defendant only with "negligence," the plea presents an absolute bar. Baltimore, etc., R. Co. v. Voight, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560; Northern Pacific Ry. Co. v. Adams, 192 U. S. 440, 24 Sup. Ct. 408, 48 L. Ed. 513; Boering v. Chesapeake Beach Ry. Co., 193 U. S. 442, 24 Sup. Ct. 515, 48 L. Ed. 742; Blank v. Ill. Cent. R. Co., 182 Ill. 332, 55 N. E. 332; Louisville, etc., R. Co. v. Keefer, 146 Ind. 21, 44 N. E. 796, 38 L. R. A. 93, 58 Am. St. Rep. 348; Pittsburgh, etc., R. Co., v. Mahoney, 148 Ind. 196, 46 N. E. 917, 47 N. E. 464, 40 L. R. A. 101, 62 Am. St. Rep. 503; Russell v. Pittsburgh, etc., R. Co., 157 Ind. 305, 61 N. E. 678, 55 L. R. A. 253, 87 Am. St. Rep. 214; Payne v. Terre Haute,

etc., R. Co., 157 Ind. 616, 62 N. E. 472, 56 L. R. A. 472; Peterson v. Chicago, etc., Ry. Co. (Wis.) 96 N. W. 532.

So the question comes to this: Does the injection of the word "gross" into the declaration make out a case despite the plea?

Some books and cases speak of negligence as slight, ordinary, and gross. If one owes great care, his failure to come up to the mark is called "slight negligence"; if ordinary care, "ordinary negligence"; if slight care, "gross negligence." But why stop there? Why not subdivide each of the three into three further classes? For example: If one owes great care, he may have missed the mark in one instance a foot (slight), in another a yard (just an ordinary miss), and in yet another a mile (gross). And similarly if one owes ordinary care or slight care. It seems to us that the whole attempt to classify negligence has resulted from a misapprehension. "Negligence" is merely a word of denial. "Care" is the positive word. It is familiar and sound doctrine that there are degrees of care. But "care" cannot properly be divided into abstract and absolute classes. The quantum of care required in a particular case is determined from the relations of the parties and the facts of the situation, and is proportionate to the danger reasonably to be apprehended. Whatever the required degree of care, the failure to measure up to it is the ground of complaint. But failure is failure. The cause of action flows from the failure to exercise the full degree of care that was due. The injuries are what they are. The innocent sufferer is entitled to full compensation on account of the defendant's failure to bestow the fullness of care demanded by the situation. He is to receive no more, no less, than full compensation, because, though the defendant's lack may be a variable, any lack supplies a cause of action, and his injuries, which measure the value of the cause of action, are a constant.

The division of negligence into slight, ordinary, and gross may have originated in an endeavor, unconscious, perhaps, to justify exemplary damages where only compensative should be allowed. One who unintentionally fails in his duty, and thereby causes an injury, should make complete compensation. But to warrant punishment, there must be an actual or constructive intent to inflict the injury. Negligence and willfulness are as unmixable as oil and water. "Willful negligence" is as self-contradictory as "guilty innocence."

The substantive remains the same substantive, whatever the adjective. In Railroad Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627, the Supreme Court said:

"In each case the negligence, whatever epithet we give it, is failure to bestow the care and skill which the situation demands; and hence it is more strictly accurate, perhaps, to call it simply 'negligence.' And this seems to be the tendency of modern authorities. * * * In the case before us, the law, in the absence of special contract, fixes the degree of care and diligence due from the railroad company to the persons carried on its trains. A failure to exercise such care and diligence is negligence. It needs no epithet properly and legally to describe it."

See, also, Milwaukee, etc., Ry. Co. v. Arms, 91 U. S. 489, 492, 23 L. Ed. 374; Purple v. Union Pacific R. Co., 114 Fed. 123, 51 C. C. A. 564, 57 L. R. A. 700.

The judgment is affirmed.