## SOUTHERN RY. CO. v. FISK.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1908.)

### No. 1,406.

1. RAILROADS—INJURY TO PEDESTRIAN—CROSSINGS—CARE REQUIRED.

Use of a public highway for passage at a railroad crossing or elsewhere is the right of all travelers in common, within the law requiring all users to exercise reasonable care with reference to a like use by others, so that, while the tracks are a warning to the traveler of railway movements, the highway crossing is likewise notice to the train operators that travelers are to be expected on the highway; care being exacted from them commensurate with the recognizable conditions.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 956, 981-987.]

2. SAME—DIVISION FROM HIGHWAY LINE.

Where a traveler was injured while crossing a railroad track, and the injury would have been avoided by the exercise of care on the part of the train operatives, the mere fact that the traveler deviated from the street or highway boundary line at the crossing, without obscuring his purpose of crossing or making such care unavailable for his protection, did not absolve the railroad company from its liability for negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1014-1019.]

3. SAME—TRESPASSERS.

While a railroad company is chargeable with notice to guard travelers against injury at a highway crossing, and with corresponding duty in its operations there, no such notice or duty is implied in the case of a

trespasser, not at or near a public way, as to whom the railroad company is only required to refrain from a willful or wanton injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1238, 1239.]

4. SAME—QUESTION FOR JURY.

In an action for injuries to a boy by being run over by defendant's train just outside the line of a street crossing, whether plaintiff in the position he had taken was a trespasser, or whether he had not so far departed from the highway as to deprive him of the rights of a traveler, *held* for the jury.

5. SAME—WILLFUL INJURY—NEGLIGENCE—INSTRUCTIONS.

Where, in an action for injuries to a traveler near a railroad crossing, the court charged that plaintiff was technically a trespasser on the railroad right of way, an instruction defining the conduct on defendant's part for which it would be liable to a trespasser as "willful or wanton negligence," and in effect directing that a finding of gross negligence on the part of the railroad company, as distinguished from ordinary negligence, would authorize a verdict in favor of the assumed trespasser, was erroneous; there being no authorized distinction in degrees of care and negligence, and the railroad's liability to a trespasser being based on injuries wantonly, as distinguished from negligently, inflicted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1238, 1239, 1384–1388.]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

The defendant in error was the plaintiff below, and recovered judgment against Southern Railway Company, as defendant, in an action of trespass on the case, from which this writ of error is brought by the railway company. For convenience the parties are hereinafter referred to under the designation of plaintiff and defendant, respectively, as in the trial court. The plaintiff, a boy of 12 years of age, was attempting to cross the railroad tracks on Converse avenue, in East St. Louis, about 5 o'clock in the evening, when it was dark, and his foot was caught and held fast in a switch point in the tracks, immediately south of the south line of the street, at a distance variously stated from 2½ to 6 feet. While endeavoring to release his foot and making outcries, he was struck by a switch engine and train of cars, owned and operated by the defendant company, cutting off his foot and right leg below the knee. The declaration is in several counts, and alleges (a) negligent operation of the train, and by insufficient equipment in power or train brakes, as proximate causes of such injury, and further alleges (c) that the servants of the company "willfully and wantonly drove and propelled said engine" upon the plaintiff, when they saw and "knew his presence and danger," or by the "exercise of ordinary and reasonable care could and would have seen" him so caught and held in the switch. Issues were joined, and upon trial to a jury verdict was returned for the plaintiff, under instructions which submitted (in effect) the last-mentioned issue alone of wanton injury. Error is assigned for denial of instructions requested, on exceptions to instructions given, and to rulings on the admission and rejection of testimony. The matters involved in these assignments, in so far as deemed material, are specified in the opinion.

Bruce A. Campbell, for plaintiff in error.

Maurice V. Joyce, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). The questions involved in this review are grouped in the argument under three heads, and may well be so considered, without detailing the

various assignments upon which they are predicated. These facts are undisputed: The plaintiff below was struck by the locomotive and train while his foot was caught and held in the switch point, in the immediate vicinity of the street crossing, but outside the boundary line of the street, at a distance not exceeding six feet. When thus caught he was attempting to cross the tracks, after dark, so that the way was obscured, and the street line, at the crossing, is unmarked by sidewalk, paving, or other means, aside from the frontage of buildings upon the street, beyond the crossing. Whether the plaintiff was actually engaged in crossing the tracks on the street, or intentionally diverged therefrom, is a question raised in the argument by way of an alleged inference of fact from the testimony. The engine was backing, in charge of an engineer, but hauling a train of 31 cars, approaching at a speed of four or five miles an hour, with a switchman riding on the rear footboard, who jumped off and ran ahead on hearing outcries. Several coal cars were standing upon a track beside the switch, further obscuring the view from the engine (as the witnesses state) of the entrapped plaintiff, and when his situation was discovered the switchman rushed to the rescue, but, failing to free the foot from the switch, pulled the body from the track, to save the life of the unfortunate boy, while his foot and leg were severed under the wheels. The presence and plight of the plaintiff were not discovered by the engineer in time to avoid the catastrophe. Although outcries were made by the plaintiff and by other boys, who were in the vicinity and testified in the case, the engineer and other men on the train testify that their import was not understood; and the testimony is conflicting in reference to watchfulness and care in running the train and opportunity to discover the danger. Beyond the uncontroverted facts, no discussion of the testimony is needful or desirable upon either of the contentions for reversal, which are: (1) That the defendant was entitled to have a verdict directed of not guilty, as requested; (2) that the court erred in the instructions which were given upon the issue submitted; and (3) that rulings upon the admission and rejection of testimony were erroneous and prejudicial.

1. The alleged error in denying the motion for direction of a verdict in favor of the defendant must be considered in reference to the evidence as an entirety, within the well-recognized rule applicable to such motions, and irrespective of the theory upon which the court finally submitted the case to the jury, as considered under the second proposition. Thus presented, the test is whether it appears conclusively, as a matter of law, that the plaintiff was in the relation of trespasser upon the property of the defendant company, within the rule which absolves the latter from liability unless injury is inflicted wantonly. While the solution may not be free from difficulty under various expressions in the authorities called to attention, we are of opinion that the testimony authorized submission of that question to the jury—even under the most favorable view of the defendant's contention of fact—as a fact to be ascertained from the circumstances, under proper instructions. The inquiry whether a traveler across

the railroad tracks, at a highway crossing, is entitled to protection as such traveler, does not rest, as we believe, upon the ascertainment of the actual boundary lines of the highway, either by survey or alignment with buildings or other structures outside the crossing, but upon all attendant circumstances. Use of a public highway for passage, at crossing or elsewhere, is the right of all travelers in common. So the law requires all users to exercise such right with reference to like use by others, regulating their conduct in conformity with the liabilites of meeting and passing other travelers thereon: The use of railway tracks crossing such highways is subject to like regard for these highway purposes, modified only by the fixed place and expectations of speed in the passage of engines and cars; hence the rule of care for the safety of travelers upon such highway crossing which governs alike the railway use. While the tracks are a warning to such traveler of railway movements liable to be met, the highway crossing is likewise notice to the operators of engine or cars that travelers upon the highway are to be expected; and care is exacted commensurate with recognizable conditions—frequency of such use in a city street being an important element in the measure of care and watchfulness. It is the vicinity and uses of the public crossing which make this care needful. If not exercised in the operation of a train over such crossing, when it appears that injury would have been avoided with its exercise, the mere fact of deviation by the injured person from the street or highway boundary line, without obscuring his purpose of crossing or making such care unavailable for his protection, cannot, as we believe, absolve the railroad company from the requirements of the rule, nor authorize escape from liability thus arising. Baltimore & Ohio Rd. v. Owings, 65 Md. 502, 513, 5 Atl. 329; F. C. & P. Ry. Co. v. Foxworth, 41 Fla. 1, 65, 25 South. 338, 79 Am. St. Rep. 149.

We are satisfied that the rule of exemption from such exercise of care in respect of trespassers upon the tracks and property of the railroad, with liability only for injuries caused wantonly, is inapplicable to an attempted crossing on the street, with the slight deviation above assumed. That rule is predicated alone on the distinction between the relation of the parties, where in the one instance each is in the exercise of a mutual right at a highway crossing, and in the other injury is suffered by one who assumes the risk of using the track and property of the railway company, for passage or other unauthorized purpose, in no sense as a public way—a trespasser per se. While the company may be chargeable with notice to guard against injury at the highway crossing, and with corresponding duty in its operations there, no such notice or duty is implied in the case of the trespasser, not at or near a public way, and thus gives rise to the separate rule, to be defined under the next proposition. In the view above stated, the defendant was not entitled to direction of a verdict in his favor, as a conclusion of law under the testimony, that the plaintiff was in the relation of trespasser when injured; and error is not well assigned for denial of the motion and instructions requested upon that theory. The issues raised were purely issues of fact for determination by the jury. If the plaintiff was unmistakably attempting to cross the tracks upon the

street crossing, and his deviation was accidental, as stated in the direct testimony, he was within the benefits of such crossing rule; for the exercise of reasonable care in the movement of the train, measured by the conditions which were either known or within the observation of the engineer and trainmen, and thus unaffected by the rule as to trespassers. On the other hand, if circumstances appeared which indicate that he was not attempting to cross upon the street, as the defendant contends —and we deem no expression of opinion thereon, under the present testimony, needful or proper—raising a question of fact whether he so entered as a trespasser and thus assumed the risks incurred by such entry, that issue, as well, was for the jury to determine and apply the rule of law which then became applicable. In either aspect no direction of a verdict was authorized.

2. The jury were instructed by the court, in substance, as a premise for their guidance, that the plaintiff was off the street and on the property of the defendant when he suffered the injury complained of; that he was technically a trespasser, and "the defendant owed him no duty in that situation, except not to willfully or wantonly injure him." While this direction was erroneous, as we believe, under the view above stated, it was not prejudicial to the defendant, and error is not assigned thereon. In the further instruction, however, the court defines the conduct on the part of the defendant, for which it is chargeable with liability to a trespasser—repeatedly referred to as "willful or wanton negligence"—in terms which are plainly inconsistent with the rule uniformly upheld in the decisions of this court in reference to such liability. These instructions were, in effect, that a finding of gross negligence under the name of "willful or wanton negligence," as distinguished from the class (for which liability was incurred at a crossing) there described as "want of ordinary care, or what is termed ordinary negligence," would authorize a verdict of guilty, as against the assumed trespasser. As well pointed out in the opinion of Judge Baker, for this court, in Kelly v. Malott, 135 Fed. 74, 76, 67 C. C. A. 548, no such distinction in degrees of care and negligence is authorized, to ascertain liability under either hypothesis. In reference to liability for injury to a trespasser, the doctrine is settled, in this jurisdiction at least, that it arises only for injuries wantonly inflicted, which involves timely discovery and willful disregard of the danger in running the trespasser down—criminal conduct, and not negligence, in any sense of the term. Cleveland, C., C. & St. L. R. Co. v. Tartt, 64 Fed. 823, 826, 12 C. C. A. 618; Sheehan v. St. Paul & D. Ry. Co., 76 Fed. 201, 204, 22 C. C. A. 121; Cleveland, C., C. & St. L. Ry. Co. v. Tartt, 99 Fed. 369, 370, 39 C. C. A. 568, 49 L. R. A. 98. See, also, I. C. R. R. Co. v. Eicher, 202 Ill. 556, 560, 67 N. E. 376. The rules referred to were obviously overlooked by the trial court in framing these instructions and we are of opinion that they were erroneous and prejudicial.

3. On examination of the several assignments of error for rulings upon the admission and rejection of testimony, we are not impressed with either objection as well founded, with the exception of the question raised by the fourth assignment. The testimony referred to in that objection appears to have no bearing upon the issues which were

submitted to the jury, and whether it was prejudicial in any sense does not require discussion, as it can be omitted or excluded upon retrial.

The judgment of the Circuit Court is reversed, for error in the instructions as above stated, and the cause remanded for a new trial.