## Richard Stoike, Plaintiff in Error, v. George Bonasera, Defendant in Error.

### Gen. No. 31,138.

1. EXECUTION—*meaning of "gist of the action" as used in Insolvent Debtor's Act.* The phrase "gist of the action," as used in

section 2 of the Insolvent Debtor's Act, Cahill's St. ch. 72, ¶ 5, means the essential ground or object of the action without which the action could not be maintained.

2. EXECUTION—*meaning of "malice" as used in Insolvent Debtor's Act.* The term "malice," as used in section 2 of the Insolvent Debtor's Act, applies to that class of wrongs which are inflicted with an evil intent, design, or purpose; it implies that the guilty party was actuated by improper or dishonest motives and intended to perpetrate an injury or a wrong on another.

3. EXECUTION—*when declaration does not charge "malice" within meaning of Insolvent Debtor's Act.* Count in declaration in action for personal injury sustained in automobile accident which alleged "gross disregard" for plaintiff's safety did not charge "malice," within the meaning of section 2 of the Insolvent Debtor's Act, Cahill's St. ch. 72, ¶ 5, but negligence only.

4. EXECUTION—*when judgment not conclusive of question that malice was "gist of the action" within meaning of Insolvent Debtor's Act.* Where only one of the two counts of the declaration upon which the case was submitted to the jury charged malice, the judgment for the plaintiff is not conclusive of the question that malice was the "gist of the action," within the meaning of section 2 of the Insolvent Debtor's Act, Cahill's St. ch. 72, ¶ 5, and the defendant, upon whom rests the burden of proof when he seeks his discharge from custody under such statute, is not estopped by the judgment from showing that malice was not the "gist of the action," and he may show that the verdict and judgment were based upon the count in which malice was not charged.

5. EXECUTION—*when malice eliminated from consideration of jury.* Although one count charged that an injury was wilfully and wantonly inflicted, where on the trial of the action for such injury the court charged the jury that it was not necessary to prove that the defendant was actuated by "an intention to injure" plaintiff, the question of malice was thereby eliminated from the consideration of the jury.

Error by plaintiff to the county Court of Cook county; the Hon. J. L. WEAVER, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Affirmed. Opinion filed February 7, 1927.

HUGH R. PORTER and ALONZO H. RANES, for plaintiff in error.

RITCHIE, COLBY, MEYER & BRISGALL, for defendant in error; JACOB BRISGALL, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is a writ of error prosecuted by Richard Stoike, the respondent, from an order in a proceeding in the county court of Cook county under the Insolvent Debtor's Act, discharging George Bonasera, the petitioner. The respondent obtained a judgment in the circuit court of Cook county against the petitioner in the sum of $5,000 in an action for damages in which the respondent alleged that while he was crossing Clybourn Avenue, a public thoroughfare in Chicago, he was struck and injured by an automobile driven by the petitioner. The petitioner failed to pay the judgment and was arrested under a writ of *capias ad satisfaciendum,* which was issued at the instance of the respondent. Thereupon the petitioner filed a petition in the county court asking to be discharged under section 2 of the Insolvent Debtor's Act [Cahill's St. ch. 72, ¶ 5] on the ground that malice was not the gist of the action in which the judgment for damages was obtained in the circuit court.

On the hearing of the petition in the county court the petitioner introduced in evidence the praecipe, summons, appearance, declaration, pleas, instructions, verdict and judgment in the action in the circuit court. The respondent offered no evidence. The county court found that malice was not the gist of the action in the circuit court and discharged the petitioner.

The only question to be decided on this writ of error is whether malice was the gist of the action in the circuit court in the sense that the word malice is used in section 2 of the Insolvent Debtor's Act.

Section 2 of the Insolvent Debtor's Act [Cahill's St. ch. 72, ¶ 5] provides as follows:

"When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action when malice is not the gist of the action, or when any

debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this Act.''

The phrase ''gist of the action'' means the essential ground or object of the action without which the action could not be maintained. If the action can be maintained without alleging or proving malice, then malice is not the gist of the action. *Greener v. Brown,* 323 Ill. 221, 225; *Jernberg v. Mix,* 199 Ill. 254, 256; *First Nat. Bank of Flora v. Burkett,* 101 Ill. 391, 394, 395.

On the trial of the action in the circuit court the case went to the jury only on the third and fourth counts of the declaration.

It is the contention of counsel for the respondent that the third and fourth counts charge malice. If this contention is correct, and if the evidence in the case at bar shows that in the action in the circuit court the issue of malice was actually submitted to the jury on those counts, then malice was the gist of the action in the circuit court, and the county court should not have discharged the petitioner under section 2 of the Insolvent Debtor's Act. We shall consider the third and fourth counts separately.

The pertinent part of the third count is as follows: ''That while the plaintiff was then and there walking across the said Clybourn Avenue as aforesaid the defendant then and there, with gross disregard for the safety of the life and limb of the plaintiff, moved and operated the said motor vehicle at a high rate of speed, to-wit, twenty-five miles per hour, toward and to and against the plaintiff, and by reason thereof the said motor vehicle then and there ran and struck with great force and violence against the plaintiff.''

The term ''malice,'' as used in section 2 of the Insolvent Debtor's Act, applies to that class of wrongs which are inflicted with an evil intent, design or pur-

pose.  It implies that the guilty party was actuated by improper or dishonest motives, and intended to perpetrate an injury or a wrong on another. *Seney v. Knight,* 292 Ill. 206, 208; *Jernberg v. Mix, supra,* p. 256; *In re Murphy,* 109 Ill. 31, 33; *First Nat. Bank of Flora v. Burkett, supra,* pp. 391, 394.

The precise question, therefore, to be decided is whether the allegations in the third count show that the petitioner intentionally injured the respondent.  Intention in a legal sense may be actual or presumptive. *Chicago City R. Co. v. Jordan,* 215 Ill. 390, 391.  If the allegations of the third count are sufficient to charge the petitioner with having inflicted an intentional injury on the respondent, the third count charges the petitioner with malice, and in legal effect alleges that the petitioner was guilty of an assault to commit bodily harm.  If, however, the allegations merely charge the petitioner with having inflicted the injury on the respondent unintentionally, the third count does not charge the petitioner with malice, but alleges that the petitioner was guilty of negligence.  *Brodsky v. Rieser,* 195 App. Div. 557, 186 N. Y. S. 841, 842.  In other words, the third count either charges a tort of greater culpability than negligence, namely, a tort amounting to an assault to commit bodily harm, or else it charges a tort amounting only to negligence.  In the case of *Aiken v. Holyoke St. R. Co.,* 184 Mass. 269, 271, the court said that one who wilfully and wantonly, in reckless disregard of the rights of others, by a positive act or careless omission, exposes another to death or to grave bodily injury is guilty of a wilful intentional wrong amounting to a criminal or *quasi*-criminal wrong.

In mere negligence there is no intention to do a wrongful act or to omit the performance of a duty. *Chicago, R. I. & P. R. Co. v. Hamler,* 215 Ill. 525, 533; *Chicago, B. & Q. R. Co. v. Johnson,* 103 Ill. 512.  As briefly defined in the case of *Stratton v. The Central*

*City Horse Ry. Co.,* 95 Ill. 25, 33, 34, "Negligence is a failure to exercise the care required by law." In the case of *Chicago, B. & Q. R. Co. v. Johnson, supra,* p. 521, the court said the generally approved definition of negligence is that it "is the omission to do something which a reasonable man, guided upon those ordinary considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable man would not do." The court further said (p. 522): "When there is a particular intention to injure, or a degree of willful and wanton recklessness which authorizes the presumption of an intention to injure generally, the act ceases to be merely negligent, and becomes one of violence or fraud." To the same effect is the case of *Chicago City R. Co. v. Jordan,* 215 Ill. 390, 397. In the case of *Kelly v. Malott,* 135 Fed. 74, the court said (p. 76): "Negligence and wilfulness are as unmixable as oil and water. 'Willful negligence' is as self-contradictory as 'guilty innocence.'" Salmond says, "No result which is due to carelessness can have been also intended. Nothing which was intended can have been due to carelessness." Salmond on Jurisprudence, p. 409 (7th Ed.).

In the case of *Lockwood v. Bella City St. Ry. Co.,* 92 Wis. 97, the court said (p. 113): "Some law writers, some judges, and some courts habitually use the terms 'intentional negligence,' 'wilful negligence,' 'malicious negligence'; but most of them very properly repudiate such expressions as contradictory and absurd."

If the use of the word "gross" in the third count is designed to import gross negligence, nevertheless the count properly cannot be construed as charging an intentional or malicious tort of greater culpability than negligence; for even where different degrees of negligence are recognized, such as gross negligence, ordinary negligence, and slight negligence, gross neg-

ligence is but the omission of a duty. *Chicago, R. I. & P. Ry. Co. v. Hamler, supra,* p. 533; *Jacksonville S. E. Ry. Co. v. Southworth,* 135 Ill. 250, 255. Cooley says: ''Some writers classify negligence as gross negligence, ordinary negligence and slight negligence; but this classification only indicates this: that under the special circumstances great care and caution were required, or only ordinary care, or only slight care. If the care demanded was not exercised, the case is one of negligence, and a legal liability is made out when the failure is shown.'' 2 Cooley on Torts, p. 1325 (3rd Ed.). To the same effect are the following cases: *Chicago, R. I. & P. Ry. Co. v. Hamler, supra,* p. 534; *Stringer v. Alabama Mineral R. Co.,* 99 Ala. 397, 410; *McAdoo v. Richmond & D. R. Co.,* 105 N. C. 140, 150; *Kelly v. Malott, supra,* p. 550.

It follows from the views we have expressed that if the third count should be considered as a count charging a tort amounting to negligence only, and not a tort of greater culpability than a negligent tort, then the count does not allege that the petitioner was guilty of an intentional or malicious wrong. This is true even though the count should be construed as alleging gross or wilful negligence.

Does the third count charge a tort of greater culpability than negligence; in orther words, does it charge a tort that is not in the category of negligence? If the third count charges such a tort, then in order that malice may be the gist of the action under section 2 of the Insolvent Debtor's Act, the count should contain allegations which imply that the tort was either actually or constructively intentional. In the case of *Walldren Express & Van Co. v. Krug,* 291 Ill. 472, in defining conduct which amounts to malicious or intentional conduct, the court said (p. 477): ''An intentional disregard of a known duty necessary to the safety of the person or property of another and an entire absence of care for the life, person or property

of others, such as exhibits a conscious indifference to consequences, make a case of constructive or legal willfulness such as charges the person whose duty it was to exercise care with the consequences of a willful injury." The only language in the third count from which reasonably it could be argued that malice or intent is alleged, would be the phrase "gross disregard." We do not think that this phrase is equivalent to the phrase "intentional disregard," which is used in the case of *Walldren Express & Van Co. v. Krug, supra.* In the case of *Jacksonville S. E. Ry. Co. v. Southworth, supra,* in considering the word "gross" in connection with negligence, the court expressly said (p. 255) that the word "gross" did not import a "designed and intentional mischief."

It is contended by counsel for the respondent that the phrase "gross disregard" is equivalent to the phrase "without any regard," and that the latter phrase, as used in the case of *Van Meter v. Gurney,* 240 Ill. App. 165, 188, was held to be controlling on the question whether wilful, wanton conduct had been charged in the declaration in that case. We think that there is a material difference between the two phrases. The phrase "without any regard" is synonymous with the phrase "utter disregard," and in the case of *People v. Anderson,* 310 Ill. 389, 391, the court held that where "the proof is sufficient to establish beyond reasonable doubt that under the circumstances of the injury the conduct of the driver of an automobile was so reckless, wanton and willful as to show an *utter disregard* for the safety of pedestrians, a conviction for assault to commit a bodily injury would be warranted."

We are of the opinion that the third count does not charge malice within the meaning of section 2 of the Insolvent Debtor's Act. In our view it alleges negligence only.

The remaining question to be determined is whether the fourth count charges malice in the sense of section

2 of the Insolvent Debtor's Act. The pertinent part of the fourth count is as follows: "That while plaintiff was then and there walking across the said Clybourn Avenue as aforesaid the defendant then and there wilfully and wantonly and with gross disregard for the safety of the life and limb of the plaintiff, moved and operated the said motor vehicle at a high rate of speed, to-wit: twenty-five miles per hour, toward and to and against the plaintiff, and by reason thereof the said motor vehicle then and there ran and struck with great force and violence against the plaintiff."

The fourth count differs from the third count in that the fourth contains the additional words "willfully and wantonly."

It may be assumed for the sake of argument, but it is not conceded, that the fourth count charges malice within the meaning of section 2 of the Insolvent Debtor's Act. The state of the record then is that one of the two counts upon which the case was submitted to the jury charged malice, and the other did not. In such a situation the judgment is not conclusive of the question that malice was the gist of the action, and the petitioner, upon whom rests the burden of proof, is not estopped by the judgment from showing that malice was not the gist of the action. He may show that the verdict and judgment were based upon a count in which malice was not the gist of the action. *Jernberg v. Mix, supra,* p. 257.

In the case at bar the petitioner introduced in evidence the following instruction, which was given at the request of the respondent in the action in the circuit court:

"The jury are instructed that in order to show that conduct is in wanton and wilful disregard of the rights of the plaintiff as alleged in the third and fourth counts of the declaration, it is not necessary to prove that the defendant was, at the time and just before the ac-

cident actuated by ill will directed specifically towards [sic], or an intention to injure the plaintiff.''

Since the term ''malice'' as used in section 2 of the Insolvent Debtor's Act implies an intention, either actual or constructive, to perpetrate an injury, and since the instruction in question told the jury that it was not necessary to prove that the petitioner was actuated by ''an intention to injure'' the respondent, the effect of the instruction was to eliminate from the fourth count the question of malice, and to leave for the consideration of the jury only the question of negligence which was alleged in the third count.

The respondent offered no evidence on the question whether malice was the gist of the action.

In this state of the record we are of the opinion that the petitioner has shown by a preponderance of the evidence that malice was not the gist of the action in the circuit court.

For the reasons stated the order of the county court is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.