Millie O'Neall, Appellee, v. Lloyd Blair, Appellant.

Gen. No. 8,476.

Opinion filed April 14, 1931.

Costigan & Wollrab, for appellant.

William R. Bach and L. Earl Bach, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case the appellee, Millie O'Neall, sued Lloyd Blair, the appellant, in the circuit court of McLean county to recover damages for personal injuries suffered by her in a collision which occurred on November 17, 1929, and brought about by the Pontiac sedan automobile in which she was riding; and which was driven by her husband George O'Neall, which came in contact with the rear end of an Indiana milk truck owned and driven by the appellant, near the intersection of a gravel road leading into Barnes station, with Highway No. 9, about five miles east of Bloomington.

The declaration charges in five counts and two additional counts that the collision was brought about by negligence on the part of the appellant in stopping his truck on the concrete highway mentioned at the intersection, without taking reasonable and proper precaution to inform drivers of automobiles approaching from the east on the highway; and permitting his red light to become obstructed from the view of the driver of the car in which appellee was riding; and negligence in stopping the truck at a place on the concrete slab of the highway, which was not exceeding 18 feet in width, where there was not ample room for two vehicles to pass. The declaration also contains two additional counts which charge the appellant with wilfully, wantonly and recklessly jeopardizing the lives and the safety of persons traveling along the highway mentioned by stopping on the concrete slab of the highway. There was a trial of the case on all the counts in the declaration mentioned, and the jury rendered a general verdict of guilty, fixing the appellee's damages at $10,000. The appellant made a motion to set aside the verdict and for a new trial,

which was denied by the court; and the court thereupon rendered judgment upon the verdict.

Error is assigned on the action of the court in denying the motion for a new trial. It is apparent that this case comes directly within the rule announced by this court in *Grinestaff v. New York Cent. Railroad,* 253 Ill. App. 589. In that case this court said: ''The cause went to the jury on all the counts in the declaration, and there was a general verdict. If appellee, therefore, has not established the fifth count and made out a case of wilful or wanton injury, the verdict cannot stand. The injury could not have been caused wilfully or wantonly and negligently at the same time.'' *Chicago Ry. Co. v. Jordan,* 215 Ill. 390; *Walldren Express & Van Co. v. Krug,* 291 Ill. 472; 45 Corpus Juris 674, 1090, 1091; *Chicago, R. I. & P. Ry. Co. v. Hamler,* 215 Ill. 541; *Kalinski v. Williamson County Coal Co.,* 263 Ill. 265; *Goodman v. Chicago & E. I. Ry. Co.,* 248 Ill. App. 128; *Stoike v. Bonasera,* 243 Ill. App. 281; *Burns v. Chicago & A. R. Co.,* 229 Ill. App. 170.

There is no evidence in the record of any wilful or wanton act or conduct on the part of the appellant in causing the injury; yet the legal effect of the general verdict is to convict him of the charges of wilful and wanton injury to the appellee. The fact that the declaration may have contained other counts charging negligence does not cure the error nor tend to support the verdict. These counts are not in the same class and do not charge the same or a similar offense. *Robbins v. Illinois Power & Light Corp.,* 255 Ill. App. 106. ''No result which is due to carelessness can also have been intended. Nothing which was intended can have been due to carelessness.'' Salmond on Jurisprudence 409 (7th Ed.); *Stoike v. Bonasera, supra.*

In this situation, it was error to deny the motion for a new trial; the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*