John Wargo, Administrator De Bonis Non of the Estate of Thomas Chill, Deceased, Appellee, v. Herman Buske, Appellant.

Gen. No. 8,735.

Opinion filed October 13, 1933. Rehearing denied January 4, 1934.

HILL & BULLINGTON and GILLESPIE, BURKE & GILLESPIE, for appellant.

DRYER & BROWN, OMER POOS and ELMER H. DROSTE, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Appellant prosecutes this appeal to reverse a judgment obtained against him in an action brought by appellee to recover damages for the death of appellee's intestate, resulting from injuries received as the result of an automobile accident. The declaration filed by appellee consisted of one original count and six additional counts. The first five counts charged negligence on the part of the driver of appellant's truck and the last two counts alleged the wilful and wanton misconduct of said driver. The general issue was filed, the case tried before a jury and a verdict returned in favor of appellee for the sum of $5,000, upon which, after motion for new trial was overruled, judgment was entered.

The testimony shows that the deceased on March 11, 1931, had been at work in a coal mine where he was employed and rode home in a Ford truck with other

miners, about four o'clock in the afternoon. He lived in Mt. Olive, Illinois, and on the south side of a concrete highway, 18 feet wide, designated Route 16, and the truck coming from the east stopped on the shoulder, just off the pavement on the north side directly opposite his home. The Ford truck had a small cab on it but the rear of the truck was entirely open. The deceased, Stanley Tokarz, Carl Thiessen and George Thomas, were riding in the rear of the truck. After the deceased got out the three remaining men were sitting on a cushion on the floor of the truck with their backs to the cab and looking east. These men testified that when the truck started up it pulled back onto the concrete slab about 35 or 40 feet west from the point where it had stopped and about that time the deceased started south across the highway towards his home. The Ford truck met appellant's truck which was traveling east about 150 feet west from the point where the deceased had alighted. When the deceased reached about the middle of the highway, the driver of appellant's truck sounded his horn. There is some difference in the testimony as to just how far away appellant's truck was from deceased when the horn was sounded. The truck driver testified it was 75 to 100 feet away, a companion, Carroll, sitting with him in the driver's seat, placed the distance at 100 feet and appellee's witnesses fixed it at 150 feet. The deceased upon hearing the horn turned around and walked or hurried back to the north and to a point five or six feet north of the concrete pavement on the shoulder before he was struck by appellant's truck. The driver after honking his horn pulled his truck to the left and tried to run around the deceased to avoid hitting him. The right side of the truck struck the deceased. Appellee's witnesses testify the truck was traveling at the rate of 40 miles per hour while appellant's witnesses placed the speed at from 18 to 25 miles per hour. Ernest Viehwig, who lived about 150 feet west of where the acci-

dent occurred, saw the entire affair from his kitchen window and corroborates appellee's witnesses. The pavement was dry and the weather was fair. There were no other cars on the highway near enough to interfere and the truck driver stated that he did not use his emergency brake at any time before the accident and only used his service brake slightly. The deceased died the day following the accident.

It is contended by appellant that the proof wholly fails to sustain the charges of wilful and wanton misconduct as alleged in the fifth and sixth additional counts of the declaration. Our courts have frequently said that whether an injury is the result of wilful and wanton conduct is a question of fact to be determined by the jury from all the evidence. It is only where there is no evidence to support that charge that a court should grant a motion to direct a verdict on the wilful and wanton counts of a declaration. "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of the impending danger, to exercise ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." *Brown v. Illinois Terminal Co.*, 319 Ill. 326. If the jury believed the testimony of appellee's witnesses, then it was clearly a question of fact for the jury to determine whether the driver of appellant's truck, under all the circumstances shown, was guilty of wilful and wanton negligence. It was the positive duty of the truck driver, if he saw the deceased crossing the highway 100 feet away, to not only give warning of his approach but to use every reasonable precaution to avoid injuring him, and if necessary to stop his truck until deceased was out of the path of his car; *Walldren Express & Van Co. v. Krug*, 291 Ill. 472; *Gannon v. Kiel*, 252 Ill. App. 550.

It was distinctly the province of the jury in this case to determine whether the driver was guilty of such a degree of negligence as could be said to be wilful and wanton and we believe there is sufficient evidence in the record to support such finding.

Counsel for appellant further contend that the last two counts of the declaration charge a felony and that appellee was required to prove the averments of these counts beyond a reasonable doubt.

The allegations of these two counts in general language are very similar to the charges in an indictment for involuntary manslaughter but they do not charge that the misconduct of the driver was feloniously done or that the acts amounted to criminal negligence, which would be essential averments in that character of an indictment. *People v. Falkovitch,* 280 Ill. 321; *People v. Sikes,* 328 Ill. 64. Therefore proof by a preponderance of evidence was sufficient. *Rost v. Noble & Co.,* 316 Ill. 357. In a civil case it is only where the charges amount to a felony that proof beyond a reasonable doubt is required.

It is also contended by appellant that the negligence and wilful counts of the declaration are not of the same class, and that the court erred in submitting both to the jury. While there has been some confusion over this question in the past it is our judgment that the practice of filing common law negligence counts and wilful and wanton negligence counts in the same declaration and allowing both kinds of counts to go to the jury has been approved by courts of this State. *Price v. Bailey,* 265 Ill. App. 358.

It is also insisted that the court erred in the admission of incompetent medical testimony, over the objection of appellant and in the denial of appellant's motion to exclude the same. When the witness Dr. Sihler was on the stand he was asked:

Q. "You may tell whether or not anything developed from the injury he received."

A. "The man was getting along from the results of his injury and his death was very sudden. General examination showed he had no heart trouble of any kind. The cause of his death as we determined at that time was due to—the man died from fatty embolism, the result of the fracture sustained in the left femur."

Appellant argues that his general denial placed in issue the question of whether appellee's intestate died from the injuries alleged to have been received, and the admission by the trial court, over appellant's objection, of medical testimony that appellee's intestate died from the injury was a usurpation of the province of the jury and constituted reversible error. In support of this contention he relies chiefly on the case of *Kimbrough v. Chicago City Ry. Co.*, 272 Ill. 71, and in that case the court did say that a physician should not be asked whether or not the facts did cause and bring about a certain condition or malady but in that case there was a sharp conflict in the testimony, as to whether or not the party suing was injured in the manner charged, and on page 78 of the opinion the court said: "In cases where there is no dispute . . . that there was an injury sustained by reason of the acts of which complaint is made, this court has held that a physician may then directly testify that a later malady was or was not caused by the accident or original injury, upon the same principle that he may testify that death resulted from a certain wound," citing *Schlander v. Chicago & Southern Traction Co.*, 253 Ill. 154. In this case there is no dispute that deceased was injured by coming in contact with appellant's truck, and the admission of the testimony complained of was not reversible error.

We do not find any serious objection to the instructions complained of and believing there is no substantial error in the record, the judgment of the circuit court will be affirmed.

*Affirmed.*