Mae E. Broadbent, Administratrix of the Estate of Fred Walter Broadbent, Deceased, Appellee, v. C. C. Kagey, Appellant.

Gen. No. 8,800.

Opinion filed June 15, 1934.

DOBBINS & DOBBINS, for appellant.

BUSCH & HARRINGTON, for appellee; EARL C. HARRINGTON and C. E. TATE, of counsel.

PER CURIAM.

In this case Mae E. Broadbent, administratrix, brought suit in the circuit court of Champaign county against C. C. Kagey, the appellant, to recover damages suffered by the next of kin of the deceased intestate in consequence of the alleged wrongful killing of the deceased in an automobile accident on Route 25 in the City of Champaign at the intersection of Springfield avenue and Neil street. The declaration filed in the case upon which the plaintiff's right to recover is based consists of five counts. The first count charges general negligence. The second count charges that the defendant was driving at a high and dangerous rate of speed. The third count charges a failure to give warning of the approach of defendant's car. The fourth count charges the defendant with driving his car on the wrong side of the street. The fifth count, which is an amended count, charges that "the defendant wilfully and wantonly drove and propelled his automobile into, upon and against the plaintiff's intestate with great force and violence; and as a direct result, in consequence of the wilful and wanton conduct of the defendant as aforesaid, plaintiff's intestate was then and there knocked down to and upon the pavement, and the plaintiff's intestate then and there was injured, and as a result thereof died."

There was a trial by jury in this case; and the jury returned a general verdict as follows: "We, the jury, find the defendant guilty and assess plaintiff's damages at $5,000.00." The defendant entered a motion for a new trial which was denied, and a judgment was rendered on the verdict. This writ of error is prosecuted for reversal of the judgment.

Concerning the facts in this case, it is undisputed that on the 29th of November, 1932, the defendant, C. C. Kagey, was driving his light Chevrolet coupe north along Route 25 in the City of Champaign, ap-

proaching the business section. Route 25 enters Champaign from the south along Neil street.

At about 5:30 p. m. of said day the deceased, a retired storekeeper, came up to Neil street from the east along Springfield avenue on the north side, carrying a box containing some groceries under his right arm. When he came to within about a foot of the point where the sidewalk drops off to the pavement he stopped and looked south and north. After standing about a minute without looking further, he proceeded to walk straight across onto the pavement going west, stepping directly in front of the car of the defendant approaching from the south with its headlights on. The defendant jerked his car to the west so that it "reared up," but the deceased walked or fell into the side of defendant's car and collided with a little pilot rod extending upward from the outer edge of the right front fender and fell into the right rear fender, hitting his head against this fender as defendant threw his car to the west to avoid him.

There is no evidence in the record from which the jury could have reasonably drawn the inference that the plaintiff in error wilfully and wantonly drove and propelled his automobile into, upon and against the plaintiff's intestate, as charged in the fifth count of the declaration; and therefore no evidence upon which the jury would be warranted in finding a verdict of guilty under that count.

It is well settled as a matter of law that a general verdict returned in a case where the declaration contains both negligence, and also a count charging wilful and wanton injury, cannot stand; and that it is error to render a judgment upon such a verdict under these circumstances. *Grinestaff v. New York Cent. R. R.*, 253 Ill. App. 589, 596; *O'Neall v. Blair*, 261 Ill. App. 470; *Streeter v. Humrichouse*, 261 Ill. App. 556;

*Robbins v. Illinois Power & Light Corp.*, 255 Ill. App. 106, 122.

In the *Grinestaff* case this court said: "The cause went to the jury on all the counts in the declaration, and there was a general verdict. If appellee, therefore, has not established the fifth count and made out a case of wilful or wanton injury, the verdict cannot stand. The injury could not have been caused wilfully or wantonly and negligently at the same time."

In the *O'Neall* case above referred to, this court passed upon the same question which is here presented for determination and we there said:

"There is no evidence in the record of any wilful or wanton act or conduct on the part of the appellant in causing the injury; yet the legal effect of the general verdict is to convict him of the charges of wilful and wanton injury to the appellee. The fact that the declaration may have contained other counts charging negligence does not cure the error nor tend to support the verdict. These counts are not in the same class and do not charge the same or a similar offense."

It is clearly apparent from what this court decided in the foregoing cases that the judgment of the trial court, which is based upon the general verdict as in the cases cited, is therefore erroneous and must be reversed. And the judgment is, therefore, reversed and the cause remanded.

*Reversed and remanded.*