Anna S. Gore, Appellee, v. O'Keefe Bros. Company, Appellant.

Gen. No. 37,929.

Heard in the first division
of this court for the first district at the December term, 1934.
Opinion filed April 15, 1935.

JOHN A. BLOOMINGSTON, of Chicago, for appellant.

CHADWICK & JOHNSON, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

On the morning of December 28, 1931, plaintiff, an employee of Sears Roebuck & Co., took a street car running south on Cicero avenue and alighted at the northwest corner of Harrison street, which extending east and west intersects Cicero avenue. Miss Quinn and Miss Shostrom, friends, were with her. The evidence tends to show that plaintiff, after alighting from the car, walked to the sidewalk, then started south across Harrison street for the purpose of boarding another street car eastward bound then standing on the street. The testimony tends to show that while on the southwest corner of the intersection plaintiff was struck by defendant's truck which came from the west on the south side of Harrison street and turned south into Cicero avenue.

Plaintiff was knocked down and seriously injured; she was carried to a doctor's office and from there was taken to the hospital where she remained for 17 days. The truck did not stop but was overtaken by a policeman about four blocks south of Harrison street. The driver testified that he did not know any accident had occurred.

Plaintiff filed a declaration in which she charged that defendant's employee negligently drove the truck; that he was negligent in disregarding signal lights; that he drove at a dangerous speed; that he operated the truck at greater speed than 15 miles an hour. The fifth count charged that by means of the truck defendant assaulted plaintiff ''with force and arms,'' and the sixth count (afterward withdrawn) charged that the driver of the truck was guilty of wilful and wanton intent to maliciously injure plaintiff.

Defendant filed pleas of the general issue and a special plea that it did not own or operate the truck. There was a trial by jury, a motion by defendant at the close of all the evidence for an instructed verdict in its favor, which was denied, and another motion to strike the fifth count charging assault, which was also denied. The jury returned a verdict of guilty with damages in the sum of $3,500, and the court overruling motions for a new trial and in arrest entered judgment.

It is urged that defendant was not negligent and that plaintiff was guilty of contributory negligence. Both these questions are settled by the verdict of the jury.

It is urged that the damages allowed are excessive, but the evidence on that point does not sustain this contention. As already stated, plaintiff was carried to a doctor's office and from there taken to the hospital where she remained 17 days. She was treated by Doctors Dooly and Kelly. The charge for medical services was $250; her hospital bill was $87. The evi-

dence shows plaintiff was working for Sears Roebuck & Co. where she operated a comptometer and received $21 a week for her services, and that she had not worked from the date of her injury, December 28, 1931, to the time of the trial, which was on June 21 and 22, 1933. Dr. Dooly testified that the ligaments of plaintiff's ankle and foot were torn and that the synovial membrane was injured. Dr. Kelly testified that the injuries were permanent. The defense offered no medical testimony. We cannot hold that the verdict of the jury is excessive.

It is contended earnestly that since there were counts charging negligence and also counts charging that defendant assaulted plaintiff (a charge of which malice is the gist, and of which there was no proof) the general verdict returned must be set aside. The fifth count charged an assault with force and arms and, contrary to the assertion of plaintiff, it concluded, "against the peace and dignity of the people of the State of Illinois." The count necessarily implied malice. *Broadbent v. Kagey*, 275 Ill. App. 623; *Johnson v. Englehardt*, 256 Ill. App. 557. The evidence in the record is such that we could not permit a verdict based on the fifth count alone to stand. We quite fail to understand why it was retained in the case after the sixth count, which charged wilfulness and wantonness, was dismissed; or, indeed, why it was ever put in the declaration. Defendant contends that under such circumstances the general verdict of guilty cannot stand, and cites *Grinestaff v. New York Cent. R. R.*, 253 Ill. App. 589; *O'Neall v. Blair*, 261 Ill. App. 470. *Price v. Bailey*, 265 Ill. App. 358, is also cited, apparently without giving careful consideration to the opinion, which is against defendant's contention and expressly disapproves the *Grinestaff* and *O'Neall* cases. Defendant neglects to cite the later cases of *Hawkins v. McClun*, 266 Ill. App. 601 (Abst.); *Provenzano v.*

*Illinois Cent. R. Co.*, 272 Ill. App. 475; *Wargo v. Buske,* 273 Ill. App. 28; and *Fickerle v. Seekamp,* 274 Ill. App. 310, 322; all of which are contrary to the earlier cases relied on. In *Price v. Bailey, supra,* after a review of the cases we said:

" . . . where there are counts charging the defendant with what might be termed ordinary negligence, and a count or counts charging the defendant with such negligence as the law would hold to be equivalent to wilful and wanton conduct, a general verdict and judgment on the verdict in favor of plaintiff might be sustained although the evidence was insufficient to sustain the wanton charge. One good count with supporting evidence is sufficient. *Scott v. Parlin & Orendorff Co.,* 245 Ill. 460." However, in the same case this court pointed out the necessity of care in such cases in the giving of instructions, citing *Nosko v. O'Donnell,* 260 Ill. App. 544.

In the instant case, while it may be conceded there was technical error in allowing the fifth count to go to the jury, the error was harmless, because under instructions given at the request of both plaintiff and defendant it appears the case was tried upon the theory that the only issue involved was that of ordinary negligence. The instructions pointed out the necessity of plaintiff proving her freedom from contributory negligence. The jury was well informed as to the issue, and the judgment is affirmed.

*Affirmed.*

O'Connor, P. J., and McSurely, J., concur.