In the Matter of the Petition of Michael J. Roughan, on Appeal of Charles H. Allen, Appellant, v. Michael J. Roughan, Appellee.

### Gen. No. 17,595.

EXECUTION—*when court not issuing capias ad satisfaciendum cannot discharge from arrest.* Where a defendant is arrested on a *capias ad satisfaciendum* issued by the Municipal Court of Chicago on a judgment recovered in such court in an action for which malice is the gist, the County Court of Cook County has no power to discharge defendant from arrest or imprisonment, or jurisdiction to determine, whether the *capias* was properly issued.

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Reversed. Opinion filed December 3, 1912.

WILLIAM T. DICKERMAN, for appellant.

No appearance for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an application for discharge under the insolvency law of the state. Appellee was arrested on a *capias ad satisfaciendum* issued on a judgment recovered in the Municipal Court of Chicago in an action for malicious and unlawful conversion of money. The record of the case in the Municipal Court, showing that there was an express finding of malice in the verdict on which the judgment was rendered, and the record of the issuance of a writ of error and denial of a writ of *supersedeas* by this court, were both received in evidence; and while the court expressly found that malice was the gist of the action, it discharged the petitioner from custody upon the ground that such *capias* could not properly be sued out until after the determination of said writ of error, nor until respondent had exhausted his remedy upon the bond filed in said cause.

The County Court had no power to release appellee from arrest or imprisonment when it appeared that malice was the gist of the action in which he was so held (First Nat. Bank of Flora v. Burkett, 101 Ill. 391; in re Murphy, 109 Ill. 31), and, of course, it had no jurisdiction to determine whether the *capias* was properly issued by the Municipal Court. The proper place and manner of testing that question was in the Municipal Court upon a motion to quash.

The order releasing the petitioner will, therefore, be reversed, and the case is remanded with directions to vacate the order and dismiss the petition.

*Reversed and remanded with directions.*