## In re Petition of Louis Greenberg, Appellant, v. Minnie V. Connor, Appellee.

### Gen. No. 19,947.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. John E. Owens, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 10, 1914.

## Statement of the Case.

Petition by Louis Greenberg in the County Court for discharge, under the Insolvent Debtors' Act, from custody under a *capias ad satisfaciendum* issued on a judgment recovered against him in the Circuit Court in favor of Minnie V. Connor. To reverse a judgment dismissing the petition, petitioner appeals.

Martin Connor, for appellant.

William J. Stapleton, for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. Execution, § 295*—*when declaration to show malice the gist of the action within meaning of Insolvent Debtors' Act.* A count in a declaration, charging among other things that the petitioner, with force and arms, etc., broke open the outer doors of the judgment creditor's dwelling and continued to make a great noise and disturbance therein for three days, *held* to show malice as the term is used in the Insolvent Debtors' Act, J. & A. ¶¶ 6198 *et seq.*, and *held* that the judgment against petitioner was, under the doctrine of *res adjudicata*, conclusive of that question and estopped petitioner from showing the contrary.

2. Execution, § 295*—*determination as to whether malice is gist of action.* Whether malice is the gist of a civil action within

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the meaning of the Insolvent Debtors' Act, J. & A. ¶¶ 6198 *et seq.*, may be determined alone from an inspection of the record thereof and particularly from the allegations of the declaration.

3. EXECUTION, § 302*—*when rule as to extrinsic evidence inapplicable.* The rule that where there are several counts in the declaration and malice is the gist of some but not of others, the question whether extrinsic evidence may be resorted to to determine under which count the verdict was rendered, is not applicable where each count charges malice and the judgment necessarily involves the determination of that question as one of the issues.