## In re Petition of Gustave Fetz.
## Gustave Fetz, Appellant, v. The People of the State of Illinois, Appellee.
## Gen. No. 30,142.

1. HIGHWAYS AND STREETS—*sufficiency of declaration as charging malice.* Where one count in the declaration in an action for injury to a pedestrian by an automobile alleged that the defendant wilfully, maliciously and wantonly drove his automobile, and another that he with force and arms, assaulted the plaintiff, each of such counts connotes malice as that term· is generally defined in connection with the interpretation of a statute.

2. EXECUTIONS—*right to issuance of capias ad satisfaciendum upon judgment in action of tort.* Where a plaintiff recovers judgment in an action of tort, the right to the issuance of a writ of *capias ad satisfaciendum* follows as a common-law incident.

3. EXECUTIONS—*conclusiveness of judgment upon which capias ad satisfaciendum issued, on application for discharge of debtor.* Upon an application under the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5, for the release of a judgment debtor taken under a writ of *capias ad satisfaciendum* issued under a judgment in an action for damages resulting from the negligent operation of an automobile, the judgment must be considered as *res adjudicata* that malice was the gist of the action, being charged in both of the counts of the declaration submitted to· the jury.

4. EXECUTIONS—*return of execution nulla bona as prerequisite to right to writ of capias ad satisfaciendum.* It is not a prerequisite to the issuance of a writ of *capias ad satisfaciendum* upon a judgment in a tort action that execution be issued, demand made, and the writ be returned *nulla bona.*

5. EXECUTIONS—*burden of proof whether malice gist of action upon which capias ad satisfaciendum based, on application of debtor for discharge.* Where a petitioner under the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5, having been taken into custody upon a writ of *capias ad satisfaciendum* based upon a judgment against him in an action of tort, fails to show that malice was not the gist of the tort action, he is not entitled to the release prayed for.

Appeal by plaintiff from the County Court ·of Cook ·county; the Hon. JOHN D. BIGGS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1925. Affirmed. Opinion filed January 20, 1926.

John H. Roser, for appellant.

Ernest C. Reniff, for appellee.

Mr. Justice Taylor delivered the opinion of the court.

This is an appeal by Gustave Fetz from a judgment in the county court denying his petition for a release under the Insolvent Debtors' Act.

The record brought here shows that a stipulation was entered into before the judge of the county court, before whom the petition was filed, showing that certain facts constitute the "records and proceedings" in the circuit court in the case of *Belle Dunn v. Gustave Fetz.*

From that stipulation the following appears: On August 15, 1922, a suit in trespass on the case, the *ad damnum* being $25,000, was begun in the circuit court by Belle Dunn against the petitioner, Fetz. An original summons, an *alias* and two *pluries* summons were issued, and returned, not found. A third *pluries,* returnable to the May term 1923, was issued, and personally served on Fetz. On November 22, 1923, the plaintiff in that case, Belle Dunn, filed a declaration containing four counts. The first count charged that Fetz, on March 30, 1922, drove an automobile, which he owned, easterly on Lawrence avenue, and that, while the plaintiff was walking in a northerly direction along Lincoln street, and was in the exercise of due care, he operated it so carelessly that it ran into and struck and seriously injured her. Count number two charged, as the cause of action, a negligent failure to have the brakes in serviceable condition. The third count charged that Fetz wilfully, maliciously and wantonly drove the automobile. The fourth count charged that Fetz with force and arms assaulted the plaintiff, and with great force and violence drove his automobile

to and against her against the peace of the People of the State of Illinois.

On November 22, 1923, the case was called for trial. The defendant filed neither appearance nor plea; nor did he appear personally. At no time in the course of the trial was he present personally or represented by counsel, nor was his counsel present in court. When the case was called for trial, the plaintiff withdrew counts one and two of the declaration. A jury was called in the box and sworn to assess the plaintiff's damages. An order was entered as follows:

"This day comes the plaintiff and it appearing to the court that due personal service of process of summons issued in said cause had been had on the defendant for at least ten days before the first day of this term, and he being now here three times solemnly called in open court comes not nor does any person for him, but herein makes default which is on motion of plaintiff's attorney ordered to be taken, and the same is hereby entered herein of record.

"Wherefore the plaintiff ought to have and recover of and from the defendant her damages sustained herein by reason of the premises. Whereupon on motion of plaintiff's attorney it is ordered that leave be and the same is hereby given plaintiff to withdraw the first and second counts of declaration filed in said cause.

"Thereupon reference is *had to a jury to assess the plaintiff's damages*. Herein it is ordered that a jury come. Whereupon come the jurors of a jury of good and lawful men, * * * who being duly elected, tried and sworn well and *truly to assess the plaintiff's* damages herein and a true assessment render according to the evidence after hearing all the evidence adduced say: 'We, the jury find the defendant guilty and assess the plaintiff's damages at the sum of Three Thousand Dollars ($3,000). Therefore, it is considered by the court that the plaintiff do have and recover

of and from the defendant said damages of Three Thousand Dollars ($3,000) in form as aforesaid by the jury together with her costs and charges in this behalf expended and have execution therefor.' "

The verdict was returned in the following words: "We the jury, find the defendant guilty and assess plaintiff's damages at the sum of $3,000," and was entered of record by the court, and judgment given upon the verdict.

On April 1, 1924, a *capias ad satisfaciendum* was issued against Fetz, and later returned, not found. An *alias capias* was issued, and on that Fetz on October 24, 1924, was taken into custody by the sheriff. He was produced before the county court and on December 1, 1924, filed the petition which is here in question. On December 15, 1924, he filed a schedule of his assets. Arguments of counsel for and against the petition were heard by the judge of the county court, and an order entered dismissing the petition.

It is contended for the petitioner that the court erred in not discharging him on the ground that it was not shown that malice was the gist of the action in the circuit court. When the jury found Fetz guilty there were but two counts in the declaration, one of which charged that he wilfully, maliciously and wantonly drove his automobile, and the other that he, with force and arms, assaulted the plaintiff. Each of those charges connotes malice as it is generally defined when making a legal interpretation of the word as used in such a statute as the one in question.

In *Seney v. Knight,* 292 Ill. 206, the court said: "The term 'malice' as used in the Insolvent Debtors' Act, applies to that class of wrongs which are inflicted with an evil intent, design or purpose." Citing *Jernberg v. Mix,* 199 Ill. 254; *Kellar v. Norton,* 228 Ill. 356; *In re Murphy,* 109 Ill. 31; *First Nat. Bank of Flora v. Burkett,* 101 Ill. 391.

As said in *Bromage v. Prosser,* 4 Barn. & C. 247:

"Malice in common acceptance means ill-will against a person; but in its legal sense it means a wrongful act done intentionally, without just cause or excuse."

As to the right of the plaintiff to the issuance of a *capias,* the court said in *People v. Walker,* 286 Ill. 541: "The statute provides that the plaintiff may have execution against the body of the defendant when the same is authorized by law, but does not declare when the same is authorized by law, though it does except from the prohibition against such an execution judgments obtained for a tort committed by the defendant, thus impliedly recognizing that in such cases an execution against the body is authorized by law." *Marshall Field & Co. v. Freed,* 269 Ill. 558.

There is no doubt but that the tendency of the law has been for a long time against imprisonment for debt; so that in interpreting the common law on that subject as applicable to the rights of a judgment creditor, it is necessary generally to find some reason beyond mere indebtedness to justify the summary issuance of a *capias.* Perhaps that reason may be said to exist in the fact that in the case of a money judgment obtained in a tort case, the judgment represents an adjudication that without ordinary care, or wilfully or maliciously, the judgment debtor has done or refrained from doing something which the law especially disfavors, and that such conduct justifies as a reasonable penal consequence, giving the judgment creditor, in endeavoring to obtain satisfaction of his judgment, greater rights than exist in ordinary cases. Of course the rigor of the common law, in this State, is very much lessened by the Insolvent Debtors' Act (Cahill's St. ch. 72) which provides for release where "malice" is not the gist of the action.

As the judgment recovered by the plaintiff in the damage suit in the instant case was in tort, and her right to a *capias ad satisfaciendum* followed, as Mr. Justice Dunn said in the *Walker* case, *supra,* "as a

common-law incident,'' and as, further, considering the allegations in the declaration in the damage suit, ''wilfully, maliciously and wantonly'' and ''with force and arms assaulted,'' it cannot be said that malice was not the gist of the action, the county court did not err in denying the petition for a release.

Counsel for the petitioner have cited a number of cases, based, in part, upon the Act of June 17, 1893, which undertook to provide for a trial by jury (except where waived) in all cases where a judgment might be satisfied by imprisonment; but in *Sturges & Burn Mfg. Co. v. Pastel,* 301 Ill. 253, that Act was held to be unconstitutional.

It is further contended that as the defendant was defaulted and a jury was then ''duly elected, tried and sworn well and truly to assess the plaintiff's damages * * * and a true assessment rendered according to the evidence,'' and as, after hearing all the evidence adduced, brought in a verdict in the following words, ''We the jury, find the defendant guilty and assess the plaintiff's damages at the sum of $3,000,'' the verdict finding the defendant guilty was improper, and the judgment based thereon, erroneous. That contention, however, seems to be based upon the assumption that the Act of 1893, *supra,* is still in force. Notwithstanding the criticism made of the proceedings in the trial court, as to the defendant being defaulted and as to the action of the jury, the judgment that was entered upon the verdict must nevertheless, here, be considered, under the law, as *res adjudicata,* and as based upon the two remaining counts of the declaration.

It is further contended that an execution must be issued, a demand made, and the writ returned *nulla bona* before a *capias* could issue. In the *Walker* case, *supra,* Mr. Justice Dunn said that at common law an execution against the body would issue in certain cases as a matter of course; that a *capias* is clearly authorized by law where the injury is accompanied by force

and that no application to the court is necessary "for the statute authorized it in the same terms as an execution against the defendant's property"; that "by force of the judgment"—apparently not necessarily following an execution and return *nulla bona*—"it was the duty of the clerk to issue the writ upon the request of the plaintiff." In our judgment, therefore, the contention that not only an execution must first issue and a demand be made and the execution returned unsatisfied, and that then an order of court must be procured before a *capias* can be issued, is untenable. *In re Brown's Petition*, 237 Ill. App. 537.

The petitioner having failed to show that malice was not the gist of the action, it follows that he was not entitled to be released under section 2 of the Insolvent Debtors' Act. [Cahill's St. ch. 72, ¶ 5.]

The judgment, therefore, will be affirmed.

*Affirmed.*

THOMSON, P. J., and O'CONNOR, J., concur.