In the Matter of the Petition of Karl Schikowski, for release from arrest at suit of Joseph Levy, etc.

Joseph Levy, Appellant, v. Karl Schikowski, Appellee.

Gen. No. 30,345.

EXECUTIONS—*prima facie sufficiency of showing by declaration, verdict and judgment in tort action that malice not gist of action.* Proof by a petitioner in proceedings under the Insolvent Debtors' Act to secure his release from detention under a writ of *capias ad satisfaciendum* issued upon a judgment against him in an action for negligence, that the declaration upon which the judgment was based alleged in both counts that the defendant caused the injury sued upon by "carelessly, wilfully and negligently" driving his automobile, did not affirmatively prove that malice was the gist of the action, but on the contrary made out a prima facie case that malice was not the gist of the action, and put the burden of establishing the contrary upon the judgment creditor.

Appeal by plaintiff from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Affirmed. Opinion filed February 3, 1926.

ELA, GROVER & MARCH and JUSTIN K. ORVIS, for appellant.

WERNER H. SOMMERS and WALTER F. SOMMERS, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court..

This is an appeal from an order of the county court in a proceeding by petition under the Insolvent Debtors' Act, releasing Karl Schikowski from arrest upon a *capias ad satisfaciendum*.

Under the Insolvent Debtors' Act, ch. 72, ¶¶ 4, 5, Cahill's St. (1925), any one who is arrested or imprisoned upon any process issued in any civil action where malice is not the gist of the action may be re-

leased upon complying with certain requirements of that act.

The question upon this appeal is whether Karl Schikowski, the petitioner in the county court, complied with the act, and showed that malice was not the gist of the particular action out of which the *capias* under which he was arrested was issued.

The cause of action here involved was a suit by Joseph Levy against Karl Schikowski in the circuit court for damages for personal injuries suffered as the result of being run into by an automobile driven by Schikowski. The declaration in that case, which was offered in evidence at a hearing upon the petition in question, consisting of two counts, in describing the breach of duty on the part of Schikowski, contained the following language:

"By carelessly, wilfully and negligently driving, operating and managing his said automobile or motor vehicle that by and through such wilfulness, carelessness and negligence the defendant then and there wilfully, negligently and carelessly operated said automobile or motor vehicle so that the same then and there ran into and struck with great force and violence upon and against the plaintiff  *  *  *; and so carelessly, negligently and wilfully drove, operated and managed his said automobile, or motor driven vehicle, at a great and unreasonable rate of speed, to-wit: greater than ten (10) miles an hour; that by and through such negligence the defendant then and there negligently, carelessly and wilfully operated said automobile, or motor driven vehicle, so that the same then and there ran into and struck with great force and violence, upon and against the plaintiff  *  *  *."

There was also offered in evidence the judgment record in the damage suit, which showed that Schikowski was served with summons, that there was a trial before the court, with a jury, and that there was a verdict and judgment against Schikowski in the sum of $1,500. That was all the evidence.

At the close of the hearing on the petition for release under the Insolvent Debtors' Act, an order was entered in the county court finding that malice was not the gist of the action, and discharging and releasing the petitioner, Schikowski, from arrest under the writ of *capias ad satisfaciendum.* This is an appeal from that order.

The suit in the circuit court being in tort, the plaintiff in that case was entitled, upon recovering a judgment, to have a *capias ad satisfaciendum* issued as a matter of course. *People ex rel. Mark v. Walker,* 286 Ill. 541; *Reinwald v. McGregor,* 239 Ill. App. 240. Upon arrest under such a *capias,* the defendant, in the damage suit, was entitled to apply to the county court to be discharged and released under the Insolvent Debtors' Act, ch. 72, Cahill's St. 1925; *Sawyer v. Nelson,* 44 Ill. App. 184. Whether, upon an application to the county court, he would be released, depended upon evidence introduced as to the nature or gist of the action out of which the *capias* issued. If, in the words of section 5, the petitioner proved that "malice is not the gist of the action," then he would be entitled to be released, provided he complied with certain provisions which are not here involved. *First Nat. Bank of Flora v. Burkett,* 101 Ill. 391; *In re Warnke's Petition,* 207 Ill. App. 459; *Allen v. Raughan,* 175 Ill. App. 395; *People ex rel. Mark v. Walker, supra; Fetz v. People,* 239 Ill. App. 250; *Reinwald* case, *supra.*

A judgment in tort having been rendered against the petitioner, a *capias* having issued thereunder, and the petitioner having applied under the Insolvent Debtors' Act to the county court for his release, it follows that the only question that arises is whether it was shown that malice was not the gist of the action in which the judgment was obtained. If that was shown, then the statute provides that he shall be discharged; if it was not, then, as the statute makes no provision for his release, he must remain in custody.

To determine whether malice was not the gist of the action it is necessary to consider the evidence produced by the petitioner in the county court. That consists only of the pleadings, verdict and judgment in the case in the circuit court.

It is argued that if the evidence does not show that the verdict of the jury involved a finding that the plaintiff in the tort case was guilty of wilful negligence, but shows that it may have only involved a finding that the defendant was guilty of ordinary negligence, then it cannot certainly be said, with such a verdict, that malice was the gist of the action; that ordinary negligence does not imply malice; that it may well be, for aught that appears in the evidence that was submitted to the county court, that the jury in the tort case based its verdict on a finding that the defendant was guilty of ordinary negligence; that from the fact that the declaration in each of the two counts charged the defendant with wilfully and negligently driving the automobile, it does not follow that, in bringing in their verdict for the plaintiff, they did more than find that he negligently drove the automobile.

From the argument made, it becomes necessary, therefore, to determine exactly what scope must be given to the verdict and judgment in the tort case. In *First Nat. Bank of Flora v. Burkett,* 101 Ill. 391, the court said: "The gist is defined to be the cause for which an action will lie—the ground or foundation of a suit, without which it would not be maintainable—the essential ground or object of a suit, and without which there is not a cause of action." *Kitson v. Farwell,* 132 Ill. 327. In *Jernberg v. Mix,* 199 Ill. 254, the court said: "The gist of an action is the essential ground or principal subject matter, without which the action could not be maintained." Citing Gould on Pleading, ch. 3, sec. 8, and the *First Nat. Bank of Flora* case, *supra.*

Bearing in mind those definitions as to the gist of an action, can it be said, in considering proceedings under the Insolvent Debtors' Act, that the declaration, verdict and judgment in the instant case, when offered in evidence in the county court, affirmatively proved that malice was so involved that without it the action could not have been maintained? In our judgment, that question must be answered in the negative. As the declaration, verdict and judgment do not necessarily show that the defendant in the tort case was guilty of wilful negligence, as they, in fact, may have involved only the finding that the defendant was guilty of ordinary negligence (*Guianios v. De Camp Coal Min. Co.*, 242 Ill. 279), which does not include malice, the deduction cannot logically be made that malice was the gist of the action. Of course, ordinary negligence *per se* does not in any way imply malice. It may well be, for aught that appears in the record that was submitted to the county court, that the jury in the tort case based its verdict solely on a finding that the defendant was guilty of ordinary negligence; and, if they did so, it follows that malice was not the gist of the action.

To reiterate, as the gist of an action, having in mind the meaning of those words as used in the Insolvent Debtors' Act, connotes that without which an action cannot be maintained, and as a verdict based on simple negligence—that is, conduct without malice—may be supported by a declaration which charges wilful negligence, it follows that a charge of wilful negligence does not necessarily import malice.

Even in the *Jernberg* case, where there were three counts, one of which alleged malice and two of which did not, the court said that the judgment was not conclusive, and that the petitioner had the right to put in evidence to show that the verdict and judgment were based upon the counts where malice was not the gist of the action. In the instant case, there are two counts, neither of which, it should be noted, necessa-

rily involves malice; and in such a case, bearing in mind that the petitioner is entitled to every reasonable presumption in his favor, the matter involved being one of imprisonment, it is only reasonable to hold that the introduction of the declaration, verdict and judgment made out a prima facie case in his favor to the effect that malice was not the gist of the action, and put the burden of introducing evidence to the contrary upon the judgment creditor.

When the petitioner had offered in evidence the declaration, verdict and judgment, and it was obvious to the court that the cause of action was one which could be maintained without malice being the gist of the action, it was not its duty to enter upon conjecture and hold that which the evidence did not prove, that malice was the gist of the action. The petitioner was entitled to the benefit of the uncertainty. Although the Insolvent Debtors' Act binds him to prove a negative, that malice is not the gist of the action, we think he has done so when he proves that the court, with the record before it, cannot, without dealing in conjecture, hold the contrary. Further, the court said in the *Kitson* case, *supra,* when considering the Insolvent Debtors' Act, "a judgment is conclusive only of what it necessarily and directly decides," and applying that principle here, it must be said that the judgment in the tort case, as offered in evidence, does not necessarily and directly decide that malice was the gist of the action.

In the case of *Fetz v. People,* 239 Ill. App. 250, we held that the declaration charged malice, because one count alleged malice expressly and the other an assault *vi et armis.* That obviously is distinguishable from the instant case.

From the foregoing reasoning it follows that the judgment must be affirmed.                    *Affirmed.*

THOMSON, P.J., and O'CONNOR, J., concur.