Arthur Mantske, Appellant, v. Martha Rhutassel, Appellee.

Gen. No. 7,851.

Opinion filed April 23, 1928.

Murphy O. Tate, for appellant; Leo M. Tarpey, of counsel.

Alschuler, Putnam, Flannigen & Johnson, for appellee; Arthur L. Puklin, of counsel.

Mr. Presiding Justice Jett delivered the opinion of the court.

This appeal is prosecuted by Arthur Mantske, appellant, to reverse a judgment of the county court of Kane county denying the prayer of the petitioner, appellant, to be discharged from custody of the sheriff of Kane county, apprehended on a writ of *capias ad satisfaciendum* under the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 4 *et seq.*, on the ground that malice was not the gist of the action upon which the *capias* was issued.

The errors assigned for reversal are based entirely upon the record consisting of the declaration, general verdict, special findings of the jury and judgment of the circuit court of Kane county in which court judgment upon which the *capias* was issued was rendered.

The declaration in this proceeding on which judgment was rendered against appellant consists of five counts, four of which charge general negligence and the fifth wilful and wanton misconduct. The fifth count alleges ''that it was the duty of said defendant then and there to so operate, manage and control, drive or cause to be driven said motor vehicle or automobile along said highway, so as not to willingly and wantonly run into, upon, over and against the plaintiff, but the defendant, notwithstanding his duty in that behalf, so willingly and wantonly managed, operated, controlled, drove or caused to be driven the said motor vehicle or automobile; that by and through and by reason thereof of said wilful and wanton management, operation, control, driving and causing to be driven of said motor vehicle or automobile by the defendant in that behalf, the said motor vehicle or automobile ran into, against and struck the plaintiff'' while the plaintiff was in the exercise of due care and caution for her own safety.

The jury found a general verdict against the defendant and a special verdict in response to an interrogatory submitted to it that the appellant was guilty of wilfulness and wantonness in the operation of his automobile. A verdict for $1,525 was returned against him, and judgment was rendered on the verdict.

The only question to be decided upon this appeal is whether malice was the gist of the action in the circuit court in the sense that the word ''malice'' is used in section 2 of the Insolvent Debtors' Act. Section 2 of said act, Cahill's St. ch. 72, ¶ 5, provides as follows:

''When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil

action when malice is not the gist of the action, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this Act.''

On the hearing on the petition it was incumbent upon the judgment debtor, the petitioner, to show that malice was not the gist of the action.

Where a petitioner under the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 4 *et seq.*, having been taken into custody upon a writ of *capias ad satisfaciendum* based upon a judgment against him in an action for tort, fails to show that malice was not the gist of the tort action he is not entitled to the release prayed for. *Fetz v. People,* 239 Ill. App. 250.

In a recent holding in this court in *Fromm v. Seyller,* 245 Ill. App. 392, the special verdict of the jury, finding that the appellant was guilty of wilfulness and wantonness in the operation of his automobile, is equivalent to a finding that malice is the gist of the wrong charged.

It therefore follows in view of the rule announced in *Fromm v. Seyller, supra,* that the judgment in this cause should be affirmed which is accordingly done. Judgment of the county court of Kane county is affirmed.

*Judgment affirmed.*