James J. Scanlon, Appellee, v. John Whalen, Administrator of the Estate of Raymond Michael Whalen, Deceased, Appellant.

Gen. No. 32,579.

Opinion filed May 14, 1928.

Bassler, Bippus & Rose, for appellant.

Samuels, Costello & Greenberg, for appellee.

Mr. Presiding Justice Matchett delivered the opinion of the court.

This record involves a proceeding under section 2 of an act concerning insolvent debtors, approved April 10, 1872, Cahill's St. ch. 72, ¶ 5; Smith-Hurd's Ill. Rev. St. 1927, ch. 72, p. 1544.

The facts in brief are that Whalen as administrator sued Scanlon in an action on the case, obtained a judgment against him and procured a writ of *capias ad satisfaciendum,* under which the sheriff took Scanlon, the judgment debtor, into custody. The debtor then filed a petition for release in the county court. The court heard the petition and entered an order discharging the debtor, from which the creditor administrator has appealed. Section 2 of the Insolvent Debtor's Act, Cahill's St. ch. 72, ¶ 5, provides:

"When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or in any civil action when malice is not the gist of the action, or when any debtor is surrendered or committed to custody by his bail in any such action, or is arrested or imprisoned upon execution in any such action, such person may be released from such arrest or imprisonment upon complying with the provisions of this Act."

The record of the action in which judgment was obtained was offered in evidence upon the hearing. The petitioner contended and the trial court held that malice was not the gist of the action disclosed by that record, and the respondent creditor argues here that malice was the gist of the action and therefore the court erred in ordering the discharge of the tortfeasor. That is the question to be decided by this court.

The evidence discloses that in the suit brought by the administrator a declaration was filed consisting of five counts. These counts in substance alleged that on July 18, 1925, the administrator's intestate, a boy 8 years of age, received injuries from which he died as a result of the negligent manner in which the defendant, Scanlon, drove and operated his automobile. It is agreed that four of the counts charged simply negligence. The controversy is concerned with the fifth count which alleged that Scanlon "owned, possessed and controlled a certain motor vehicle or automobile and drove and operated the same in a northerly direction along and upon a certain public street or highway known as Cicero Avenue, at or near its intersection with a certain other public street or highway known as Kinzie Street, both in the City, County and State aforesaid; and it then and there became and was the duty of the defendant to use and exercise ordinary care in the management, use, equipment and operation of said automobile, and to have and exercise due care and regard for the right and safety of others lawfully and rightfully in and upon said highway.

"Plaintiff further avers that on the day aforesaid, his intestate, Raymond Michael Whalen, was then a child of the age of eight years, and was in the act of crossing said Cicero Avenue at or near its said intersection with Kinzie Street.

"Plaintiff further avers that the defendant, not regarding his duty in that behalf, did then and there drive and operate his said automobile or motor vehicle. in a reckless, wilful and wanton manner, although the defendant knew the plaintiff's intestate, a child of tender years, was then and there in a position of grave danger and by reason of the defendant's said wilful and wanton negligence and as a direct result thereof, defendant's said automobile or motor vehicle ran into, upon, against and over the plaintiff's intestate in a wilful and wanton manner, throwing him to the street

or pavement there, by means whereof and of the defendant's said wanton and wilful negligence plaintiff's intestate was wantonly and wilfully hurt and injured, and afterwards, on to-wit: July 21, 1925, at the City, County and State aforesaid, and as a proximate result of said injuries, he died."

To these counts a plea of the general issue and a special plea denying operation and ownership of the automobile were filed. The cause was tried by a jury which heard the evidence and returned this verdict: "We the jury find the defendant guilty and assess the plaintiff's damages in the sum of five thousand dollars." Upon this verdict judgment was entered, upon which a writ of *capias ad satisfaciendum* was issued.

No special interrogatories were submitted to the jury, and upon the hearing in the county court no evidence was offered in petitioner's behalf tending to show under which count the verdict of the jury was returned.

It is the contention of the respondent that the fifth count charged malice within the meaning of that term as implied in the Insolvent Debtors' Act, Cahill's St. ch. 72; that, since the general verdict was responsive to all the counts of the declaration, the record prima facie established that malice was the gist of the action, and that in the absence of further evidence for the petitioner he should have been remanded to the custody of the sheriff. *Jernberg v. Mix*, 199 Ill. 254, and *Kaplan v. Williams*, 245 Ill. App. 542, are the principal cases relied upon.

The petitioner, on the other hand, contends that the administrator fails to observe the clear distinction between decisions of the courts which interpret counts in a declaration for the purpose of determining whether they may be held to charge such wilfulness and wantonness as will prevent the interposition of contributory negligence as a defense to the action, and those cases which construe section 2 of the Insolvent

Debtors' Act, Cahill's St. ch. 72, ¶ 5, for the purpose of determining whether or not malice is the gist of the action within the meaning of that section.

By the common law, a judgment for injuries accompanied by force subjected the defendant to imprisonment by a writ of *capias ad respondendum*. The remedy was extended by statute to other cases, and the constitutional provision abolishing imprisonment for debt does not extend to judgments entered in actions for tort. *People v. Walker,* 286 Ill. 541. It has been held that malice is the gist of an action in trespass for an assault and battery (*In re Murphy,* 109 Ill. 31; *In re Mullin,* 118 Ill. 551); that it is not the gist of an action brought by a plaintiff for the alleged seduction of his daughter (*People ex rel. Liverpool v. Greer,* 43 Ill. 213); that it is the gist of an action where a defendant wrongfully and dishonestly withdrew his money after giving a draft to one who had advanced money upon it (*First Nat. Bank of Flora v. Burkett,* 101 Ill. 391); that it is not the gist of an action where a declaration simply alleged that an insolvent defendant had obtained goods on credit agreeing that he would pay for them at the expiration of the credit agreed upon, there being no representation of fact past or existing (*Kitson v. Farwell,* 132 Ill. 327); that it is not the gist of an action in counts which are simply in trover, but it is in a count which charged that the defendant, with malicious intent to cheat and to defraud, had deposited certain checks with the defendant upon a certain day and suspended business the following day (*Jernberg v. Mix,* 199 Ill. 254); that it is the gist of an action for the conversion of personal property where the statement of claim averred the same to have been done wilfully, maliciously, tortiously and fraudulently "with an intent to cheat and defraud" (*Seney v. Knight,* 292 Ill. 206); that it is the gist of an action on the case where the defendants collected accounts belonging to the plaintiff and wrongfully and fraud-

ulently converted the same to their own use in violation of a trust agreement. (*Greener v. Brown,* 323 Ill. 221.)

It was held in *Jernberg v. Mix, supra,* as in the other cases cited, that where there are several counts in a declaration, some of which state a case of which malice is not the gist and other counts of which malice is the gist, the judgment is not conclusive; that in such a case the petitioner is not estopped by the judgment to show that the verdict and judgment were based upon the counts in which malice was not the gist of the action, but that prima facie such a record shows malice and that it devolves upon the petitioner to bring himself within the provisions of the statute. It was also said in the *Jernberg* case:

"The term 'malice,' as used in the act in question, applies to that class of wrongs which are inflicted with an evil intent, design or purpose. It implies that the guilty party was actuated by improper or dishonest motives, and requires the intentional perpetration of an injury or a wrong on another."

It was further said: "The gist of an action is the essential ground or principal subject matter, without which the action could not be maintained. Gould's Pl. chap. 3, sec. 8."

Statements of law substantially similar are made in all the cases.

It would appear, therefore, that the controlling question in this case is whether the fifth count of the declaration here offered in evidence states a cause of action of which malice is the gist. If it does, then under the decisions it was incumbent upon the petitioner to offer further evidence tending to show that the verdict returned was not responsive to that count. On the other hand, if malice is not the gist of the action stated in that count, the petitioner was entitled to be discharged upon the record.

In construing the count, we think it must be taken most strongly against the pleador, since the personal liberty of the petitioner is involved. In *Kitson v. Farwell, supra,* the court said:

"The term 'malice,' as used in the statute under consideration, is not to be considered in the sense of hatred or ill-will, but of *malus animus,* and as denoting that the party is actuated by improper or dishonest motives. (*Mitchell v. Jenkins,* 5 B. & A. 594.) It implies a wrong inflicted on another, with an evil intent, design or purpose."

The opinion in that case quoted with approval a statement in *First Nat. Bank v. Burkett, supra,* in which, discussing the subject of malice as used in this statute, the court said:

"It requires the intentional perpetration of an injury or wrong on another. The wrong and the intention to commit the injury are necessary to deprive the party of the right to a discharge from arrest or imprisonment."

In *Greener v. Brown, supra,* the Supreme Court said:

"Malice, as that term is used in cases of this character, does not necessarily mean hatred or ill-will, but pertains to wrongs which are inflicted with an evil intent, design or purpose. Such malice may be shown by showing that the guilty party was actuated by dishonest motives with intent to perpetrate an injury."

In *Levy v. Schikowski,* 239 Ill. App. 447, the third division of this court held that a declaration in which the counts charged that the defendant caused the injury by "carelessly, negligently and wilfully" driving his automobile made out a prima facie case in which malice was not necessarily the gist of the action.

In *Stoike v. Bonasera,* 243 Ill. App. 281, this court held that a count which charged the defendant with operating a motor vehicle at a high rate of speed, "with gross disregard for the safety of the life and

limb of the plaintiff," did not state a cause of action of which malice was the gist, and it was also held that a count which charged that the defendant "then and there wilfully and wantonly and with gross disregard for the safety of the life and limb of the plaintiff, moved and operated the said motor vehicle at a high rate of speed, to-wit," etc., did not show an action of which malice was the gist, it appearing that the plaintiff in that case had requested an instruction, which was given, to the effect that in order to show that the conduct of the defendant was wanton and wilful and in disregard of the rights of the plaintiff, it was not necessary to prove that the defendant was actuated by ill-will or an intention to injure the plaintiff.

In *Kaplan v. Williams, supra,* the petitioner was defendant in an action where the declaration consisted of five counts, one of which charged general negligence in the driving of an automobile and three others of driving at an excessive rate of speed in violation of the statute. The third count charged that the defendant "so wilfully, wantonly and maliciously" drove the automobile that it ran against the plaintiff causing his death. There was a motion to find the defendant not guilty as to the third count, which was denied. A special interrogatory was given to the jury as follows:

"Did the defendant (Kaplan) wantonly and wilfully propel and operate said automobile in such a manner that it ran into and against the deceased, as alleged in the third count of plaintiff's declaration?"

The jury answered this question in the affirmative. The petitioner offered no evidence tending to show that the verdict of the jury was based upon any other than the third count, and the court there held that the term "malice" as used in cases of this kind pertains to "wrongs which are inflicted with an evil intent, design or purpose," and held that malice was the gist of the action, quoting with approval *Hull v. Seaboard Air Line Ry.,* 76 S. C. 278; *Palmer v. Smith,* 147 Wis. 70,

to the effect that the word "wantonly" implied turpitude and "such a degree of rashness as evinces a total want of care, or willingness to destroy, although destruction itself may have been unintentional."

In *Abbrassart v. Bouchard,* 241 Ill. App. 484, it appeared that the petitioner was a defendant in an action on the case for personal injuries where the declaration consisted of seven counts, six of which charged ordinary negligence in various forms, while the other count charged that the defendant "wilfully and wantonly drove" his automobile against the person of the plaintiff, inflicting wounds, cuts and bruises. The petitioner offered the record and also evidence tending to show the friendly relation existing between himself, the injured boy and the father of the boy. The court, reviewing authorities, said that the term "malice" as used in the Insolvent Debtors' Act, Cahill's St. ch. 72, "applies to that class of wrongs which are inflicted with an evil intent, design or purpose." It implies that the guilty party was actuated by improper or dishonest motives and requires the intentional perpetration of an injury or a wrong on another, and the court held that it was obvious that the cause of action was one which could have been sustained without finding that malice was the gist of it.

By the review of these authorities we are persuaded that there is a clear distinction between those cases in which the courts of review have been called upon to determine whether a particular count states a good cause of action for wilful and wanton negligence in such manner as to preclude the interposition of contributory negligence as a defense and the cases in which, as here, the courts are called upon to construe this section of the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5. The distinction is (as we think all the cases show) that an intention to injure is not the gist of such action for wanton and wilful negligence, while such intention is necessary in an action of which mal-

ice is the gist within the meaning of the statute. We think that it is apparent that it was not the intention of the pleader to charge in this fifth count intentional wrongdoing or a specific desire or purpose to injure the respondent's intestate. The count charges that in the operation of his automobile the petitioner was reckless; that he operated it in a wilful and wanton manner and that he did so although he knew that respondent's intestate was in a position of great danger, but that is very far from charging a specific intention to injure.

Since the liberty of petitioner is at stake, the construction must not be a narrow one against him, but one that is fairly liberal in his favor, and malice is not indispensable to the cause of action which is stated, for under the allegation of the fifth count the action would be maintainable without any allegation of malice. Indeed, it is significant that the count does not in any word or phrase expressly (nor, we think, by inference) charge malice. We therefore conclude that the petitioner was entitled to be discharged, and the judgment of the trial court is affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.