Karl S. Buck, Petitioner, Defendant in Error, v. Clarence Alex, Administrator of the Estate of Frank O. Johnson, Deceased, Plaintiff in Error.

Gen. No. 8,285.

filed April 30, 1931.  Rehearing denied December 17, 1931.

Knight, Swenson & Penny, for plaintiff in error.

Welsh & Welsh, for defendant in error.

Mr. Presiding Justice Jett delivered the opinion of the court.

In the circuit court of Winnebago county on June 6, 1930, a judgment was rendered on the verdict of a jury against Karl S. Buck, defendant in error, in the case of Clarence Alex, administrator of the estate of Frank O. Johnson, deceased, plaintiff in error, for the sum of $2,300. The suit was one in trespass on the case for the death of one Frank O. Johnson. The said Karl S. Buck, defendant in error, did not pay the judgment or any part thereof. A *capias ad satisfaciendum* was issued and he was placed in jail. The defendant in error filed a petition in the county court of Winnebago county for release and discharge under the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 4 *et seq.* The defendant in error in his petition represented that the aforesaid judgment was not based on any charge of fraud, and that he had never refused to surrender his property or estate for the payment of the judgment, and that malice or fraud was not the gist of the action upon which the judgment was entered. The petition included a copy of the declaration and amendment thereto, in the circuit court, and a copy of the verdict of the jury returned in said cause. Said defendant in error further set forth in his said petition that he owned and possessed no property either real or personal over and above his legal exemptions.

The declaration in said suit in the circuit court in which the judgment was obtained and out of which the *capias* was issued contained two counts. The injuries causing the death of the intestate of the plaintiff in error are charged to have been occasioned on a certain public highway in the City of Rockford, Illi-

nois, on the 28th day of February, 1930. In the first count of the declaration it is averred that the defendant in error ''carelessly, recklessly and improperly managed his said automobile so that by and on account of said careless, reckless and improper conduct of the defendant, the said Karl S. Buck then and there ran into and struck the said Frank O. Johnson with great force and violence. . .. . '' The second count of the declaration after the formal part stating the death and the place where the injury occurred among other things avers, ''that while the said Frank O. Johnson was walking across said Eleventh Street Road, as aforesaid, there were no obstructions to prevent the defendant from seeing the said Frank O. Johnson as he was about to, and did at that time, walk into and attempt to cross said Eleventh Street Road at the intersection with said Saylor Road aforementioned, and that it was the duty of the said defendant to see the said Frank O. Johnson just prior to and at the time he struck him, and it became and was the duty of the defendant to so manage, run and operate and drive his automobile at the place in question, as aforesaid, so as not to injure pedestrians crossing the highway upon which he was driving, but that he, nevertheless, regardless of his duty to the said Frank O. Johnson, whom he did see about to cross and crossing the highway on which he was driving at the intersection aforesaid, or whom he could and should have seen if he had watched the road at that point as a careful and prudent man should there and then have done, so wilfully, wantonly and maliciously, without regard for his duty aforesaid, but with gross and entire disregard thereof, ran, managed, operated and drove his automobile on, to-wit, Eleventh Street Road, aforesaid; that on account of said wilful, wanton and malicious conduct of the defendant the said automobile driven by him then and there ran into and

struck the said Frank O. Johnson with great force and violence, so that by and on account thereof the said Frank O. Johnson was thrown upon the pavement there and was greatly injured in and about his body, limbs and head, and that by and on account of said injuries became sick, sore, lame and disordered and died from said injuries shortly thereafter.''

On the hearing in the county court the petitioner offered in evidence the *praecipe,* summons, declaration, plea, motion at the close of the plaintiff's case and instruction, motion at the close of all of the evidence and the instruction, the given instructions of both the defendant and the plaintiff, the verdict of the jury and the judgment of the court. No evidence was offered on behalf of the respondent, plaintiff in error. Thereupon the court discharged the said Karl S. Buck, the petitioner, from the custody of the sheriff of Winnebago county, Illinois.

The question arising on this record is whether or not the second count of the declaration charges malice as used and interpreted under the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 4 *et seq.*

Where a declaration avers that the view of the driver of an automobile is wholly unobstructed and that he, in operating his automobile with such utter disregard for the lives of people upon public streets and intersections grossly, wantonly and maliciously ran his car into a pedestrian at the intersection, there is a sufficient showing of moral obliquity and disregard for consequences to raise an inference of malice.

In determining whether or not malice was the gist of the action in the circuit court, we must necessarily keep in mind the charge as laid in the second count of the declaration. It will be observed that the second count avers the duty of the defendant to so manage, run, operate and drive his automobile at the place in question, as aforesaid, so as not to injure pedestrians

crossing the highway upon which he was driving, but that he, nevertheless, regardless of his duty to the said Frank O. Johnson, whom he did see about to cross and crossing the highway on which he was driving at the intersection aforesaid, or whom he could and should have seen if he had watched the road at that point as a careful and prudent man should there and then have done, so wilfully, wantonly and maliciously without regard for his duty aforesaid, but with gross and entire disregard thereof, ran, managed, operated and drove his automobile on, to wit, Eleventh Street road, aforesaid; that on account of said wilful, wanton and malicious conduct of the defendant the said automobile driven by him then and there ran into and struck the said Frank O. Johnson with great force and violence so that by and on account thereof the said Frank O. Johnson was thrown upon the pavement there and was greatly injured in and about his body, limbs and head and thereby and on account of said injuries he died.

Ill will and intention to injure are not necessary elements of a wilful act. To constitute a wilful act the party must be conscious of his conduct and, from his knowledge of surrounding circumstances and conditions, that his conduct will naturally and probably result in injury. An intentional disregard of a duty known, or which should have been known, necessary to the safety of another, is wilful conduct. *Walldren Express & Van Co. v. Krug,* 291 Ill. 472; *Bernier v. Illinois Cent. R. Co.,* 296 Ill. 464; *Jeneary v. Chicago & Interurban Traction Co.,* 306 Ill. 392.

In *Brown v. Illinois Terminal Co.,* 319 Ill. 326, at page 331, the court said:

"Courts have recognized the difficulty of accurately stating under what circumstances a defendant may be held guilty of wilful and wanton misconduct in causing an injury. Such conduct imports consciousness that an injury may probably result from the act

done and a reckless disregard of the consequences. Ill-will is not a necessary element to establish the charge. Plaintiff and defendant had a legal right to pass over the highway crossing, and each was required, in doing so, to observe due regard for the legal right of the other. A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of the impending danger, to exercise ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care.''

In *United States v. Reed,* 86 Fed. 308, the court in discussing what constitutes malice, at page 312, said:

''By 'malice' is not necessarily meant in the law a malignant spirit, a malignant intention to produce a particular evil. If a man intentionally does a wrongful act, an act which he knows is likely to injure another, that in law is malice; it is the wilful purpose, the wilful doing of an act which he knows is liable to injure another, regardless of the consequences. That is malice, although the man may not have had a specific intention to hurt a particular individual, or crew. So, if a man wilfully neglects a known obligation, with the same reckless disregard of the consequences, that is malicious conduct in the sense of the law.''

We are of the opinion that the second count of the declaration charges malice as the same is defined and interpreted under section 2 of the Insolvent Debtors' Act, Cahill's St. ch. 72, ¶ 5.

The verdict of the jury was a general one. Although the verdict in the present case did not specifically find the defendant guilty as averred in the second count of the declaration it has universally been held that a general verdict shows a finding upon the malicious count such that it must be rebutted by extrinsic evi-

dence on the part of a petitioner who is seeking to be discharged under the said Insolvent Debtors' Act.

In *Jernberg v. Mix,* 199 Ill. 254, it was held that where there are several counts in a declaration, some of which state a case of which malice is not the gist and other counts of which malice is the gist of the action, the judgment is not conclusive; that in such a case the petitioner is not estopped by the judgment to show that the verdict and judgment were based upon the counts in which malice was not the gist of the action, but that prima facie such a record shows malice and that it devolves upon the petitioner to bring himself within the provisions of the statute.

Where one of several counts to a declaration states a cause of action of which malice is the gist, and a general verdict is rendered for the plaintiff who has the defendant taken into custody on a body execution, it is incumbent upon the defendant seeking release under section 2 of the Insolvent Debtors' Act to offer evidence to show that the verdict was not responsive to that count. *Scanlon v. Whalen,* 249 Ill. App. 19.

Where a petitioner under the Insolvent Debtors' Act having been taken into custody upon a writ of *capias ad satisfaciendum* based upon a judgment against him in an action for tort fails to show that malice was not the gist of the tort action he is not entitled to the release prayed for. *Fetz v. People,* 239 Ill. App. 250; *Fromm v. Seyller,* 245 Ill. App. 392.

In view of the fact that there were issues in the instant case on the first and second counts of the declaration, a general verdict that the defendant in error was guilty, was responsive to such issues and included a finding against him under both counts. Prima facie the record shows that malice was the gist of the action and defendant in error made no effort to prove that a verdict was rendered under a particular count of which malice was not the gist.

The inhibition of the constitution against imprisonment for debt applies only to actions *ex contractu* and has no application to actions in tort. The statute authorizes imprisonment for a failure to pay a judgment rendered in tort whether malice is involved or not. The Insolvent Debtors' Act offers relief only to insolvent debtors where malice is not the gist of the action. If malice is the gist of the action the insolvent debtor has no remedy. If a judgment debtor in a tort action is solvent he has no statutory remedy against imprisonment except to pay the judgment, and it makes no difference whether malice is the gist of the action or not. In case of a petitioner in the county court to be discharged under the Insolvent Debtors' Act the burden of proof rests upon him to show that malice was not the gist of the action.

In view of the state of the record, the petitioner did not bring himself within the rule as hereinabove announced and for that reason the order and judgment of the county court of Winnebago county is reversed and the cause remanded with a finding and direction that the said Karl S. Buck be returned to the custody of the sheriff of Winnebago county.

*Judgment reversed and remanded with directions.*