In re Petition of Frank Gaida, Insolvent Debtor.
Frank J. Gaida, Appellee, v. Peter Florian, Administrator of the Estate of Katharine Florian, Deceased, Appellant.

**Gen. No. 36,442.**

Opinion filed April 10, 1933.

M. MAYHALL SMITH, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Frank J. Gaida filed his petition in the county court of Cook county, praying that he be discharged from the custody of the sheriff, who held him under a capias issued under a judgment rendered against him in an action brought under the Injuries Act, Cahill's St. ch. 70, in the circuit court of Cook county. There was a hearing before the court and he was discharged, and the administrator, who was the plaintiff in the circuit court case, appeals.

The record discloses that Peter Florian, as administrator of the estate of Katharine Florian, deceased, brought an action in the circuit court of Cook county against Gaida to recover for the alleged wrongful

death of the deceased and there was a verdict and judgment in plaintiff's favor. In the instant case the question for decision is, Was malice the gist of the action in the circuit court? If it was, the judgment of the county court discharging Gaida from the custody of the sheriff was wrong and must be reversed. Section 2, ch. 72, Cahill's 1931 Statutes, page 1606. *Levy v. Schikowski*, 239 Ill. App. 447. The amended declaration on which the case was tried in the circuit court was in three counts. The first charged that Gaida, the defendant in that case, negligently drove his automobile, as a result of which plaintiff's intestate, a child of nine years, was struck and killed. The second count charged that Gaida wilfully, intentionally and maliciously drove and operated his machine, as a result of which the child was fatally injured, and the third count charged him with "wilfully and maliciously and without provocation and under circumstances showing an abandoned and malignant heart and with intent then and there to inflict bodily injury, contrary to the statute," and that as a result of such conduct the child was struck and killed.

In addition to the general verdict finding the defendant guilty and assessing plaintiff's damages at the sum of $3,000, the jury answered a special interrogatory submitted at the request of counsel for defendant, which interrogatory and answer were as follows: "Was the defendant, Frank J. Gaida, guilty of reckless, wilful and wanton driving at the time of the accident to plaintiff's intestate? Answer: Yes." The jury having specifically found that Gaida was guilty of reckless, wilful and wanton driving at the time the child was struck and fatally injured, it was a finding that defendant was guilty of legal malice. *Walldren Express Co. v. Krug*, 291 Ill. 472. The special finding was applicable only to the second and third counts of the declaration. Without the special finding, the sec-

ond and third counts and the general verdict of guilty would not necessarily or affirmatively prove that malice was the gist of the action. *Levy v. Schikowski,* 239 Ill. App. 447. But with the special verdict in the record before us, the question of whether malice was the gist of the action in the circuit court was adjudicated (*Jernberg v. Mix,* 199 Ill. 254) and was not the subject of further inquiry in the county court. For this reason the court erred in permitting Gaida to testify as to what the evidence showed on the trial in the circuit court.

It having been adjudicated in the circuit court case that malice was the gist of that action, the court erred in discharging Gaida from the custody of the sheriff, and for that reason the judgment of the county court is reversed and the cause remanded with directions to remand Gaida to the custody of the sheriff of Cook county.

*Reversed and remanded with directions.*

McSurely, P. J., and Matchett, J., concur.