In re Petition of Roman Teiszerski, Insolvent Debtor. James Carone, Appellee, v. Roman Teiszerski, Appellant.

Gen. No. 36,827.

Opinion filed November 6, 1933.

MAX C. LISS, for appellant.

BUTZ, HUTCHINSON, NUTT, LANE & MURPHY, for appellee; DANIEL F. MURPHY, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

Appellant, Roman Teiszerski, having been taken into custody by the sheriff of Cook county upon a Ca. Sa. issued upon a judgment for $1,000 entered against him and in favor of James Carone in the superior court of Cook county, filed a petition for relief under the Insolvent Debtors' Act (Cahill's Ill. St. ch. 72, ¶ 5, sec. 2). The creditor answered, and the court heard the evidence, made a finding that malice was the gist of the action in the superior court in which the judgment was entered against petitioner, overruled motions for a new trial and in arrest of judgment and entered an order remanding petitioner to the custody of the sheriff of Cook county. To reverse that order petitioner prosecutes this appeal.

The third count of the declaration filed in the superior court charged that defendant maliciously, wantonly and with conscious indifference to the life, limb and safety of plaintiff, drove an automobile into, upon and against the automobile of plaintiff. Defendant filed a plea of not guilty. There was a motion to dismiss the third count, which was denied. The court

heard the evidence and made a finding that malice was the gist of the action as hereinbefore stated.

In support of his appeal petitioner urges a single proposition. He says that it is the uniform law of Illinois that where there are a number of general negligence counts and one possible wanton and wilful count and one general verdict in automobile negligence cases, our courts have universally held that malice is not the gist of the action and that under the Insolvent Debtors' Act the petitioner is rightfully discharged. In support of that proposition petitioner cites the well known cases of *Levy v. Schikowski,* 239 Ill. App. 447; *Abbrassart v. Bouchard,* 241 Ill. App. 484; *Stoike v. Bonasera,* 243 Ill. App. 281; *Mantske v. Rhutassel,* 248 Ill. App. 492; *Scanlon v. Whalen,* 249 Ill. App. 19.

The proposition does not correctly state the law, and the cases cited do not sustain it. On the contrary, it was held in *Jernberg v. Mix,* 199 Ill. 254 (and the courts have ever since consistently followed that decision), that where there are several counts in the declaration, some of which state a case of which malice is not the gist, and others a case in which malice is the gist, such a record prima facie shows malice, and that the burden is cast upon petitioner to prove if he can that malice was not in fact the gist of the action in which judgment was rendered against him.

In this case petitioner, in conformity with that rule, undertook to make such proof, and witnesses produced by the parties were heard on that issue. The trial court was of the opinion that the evidence in a legal sense proved malice, and we cannot say that the finding is against the weight of the evidence or hold that as a matter of law there was no malice.

The evidence submitted tended to show that at the time of the accident petitioner was driving a Packard automobile southwesterly on Archer avenue in Chicago near its intersection with the Belt Line railroad; that the automobile of respondent had come to a stop and

was standing on Archer avenue at the east side of the Belt Line railroad tracks; that the gates in front of the railroad crossing were just coming down; that petitioner, driving his car at a speed of from 40 to 50 miles an hour, crashed into the rear of respondent's car and thence through the gates, where his Packard car was struck by the engine of a passing train.

Petitioner and his companion riding with him give the usual low estimate as to the speed at which the Packard was going, but evidently realizing the futility of this evidence in view of the uncontradicted facts, testified that the Packard was struck in the back by a third car and that this brought about the accident. This third car was not seen by any other witness.

While no specific and particular 'malice appears so far as petitioner is concerned, the evidence tended very strongly to show general malice and a state of mind wholly indifferent to the rights of others and wholly regardless of property or life. This was sufficient to establish intentional wrongdoing, of which malice was the gist.

The order of the county court is affirmed.

*Affirmed.*

McSURELY and O'CONNOR, JJ., concur.