In re Petition of Jacob Rosenberg, Insolvent Debtor, Appellee, v. Herman L. C. Ott, Appellant.

Gen. No. 38,720.

Opinion filed April 20, 1936.   Rehearing denied May 4, 1936.

GILBERT NELSON, of Chicago, for appellant; ERNEST C. RENIFF, of Chicago, of counsel.

BERNARD J. BROWN, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Rosenberg was arrested on a *capias ad satisfaciendum* issued by the clerk of the superior court of Cook county on a judgment rendered in favor of Ott and later filed his petition in the county court, praying

for release under the provisions of the Insolvent Debtors Act, Ill. State Bar Stats. 1935, ch. 72, p. 1808. He filed his schedule as required by the act. The court heard evidence, found that malice was not the gist of the action brought in the superior court by Ott against Rosenberg, petitioner, and discharged him from custody. Ott, judgment creditor and respondent, prosecutes this appeal.

The question for determination is whether on the record malice was the gist of the action brought by Ott against Rosenberg in the superior court.

The declaration in that case was in two counts. The first charged general negligence by Rosenberg on May 2, 1930, as owner and driver of an automobile by which Ott was injured at or near the intersection of Augusta street and Sacramento boulevard, public highways, in Chicago. It is admitted that this count does not charge malice. The second count alleged that at the same time and place Rosenberg "wilfully, wantonly and maliciously drove a certain automobile to and against plaintiff, throwing him with great force and violence to and against divers fixtures of said automobile and to and upon the ground and pavement there," by which plaintiff Ott was very severely injured. To this declaration Rosenberg filed a plea of not guilty, with special pleas denying ownership or operation. The cause was submitted for trial to a jury, and at the same time the court, at the request of plaintiff Ott, submitted to the jury the following interrogatory:

"Were the acts of the defendant, Jacob Rosenberg, wilful, wanton and malicious, as charged in the second count of the plaintiff's declaration, as of the plaintiff, Herman L. C. Ott's declaration?" The jury returned a verdict of guilty, assessed Ott's damages at the sum of $3,500 and answer the interrogatory in the affirmative.

The county court, over the objection of respondent, received in evidence the instructions given by the superior court in the trial there conducted. These instructions told the jury that if it believed from the evidence any witness had knowingly and wilfully testified falsely as to material matters, it was at liberty to disregard the testimony of such witness, except so far as it was corroborated. The other instructions informed the jury as to the law on the assessment of damages in case it should find from a preponderance of the evidence that defendant was guilty. There was no instruction on the question of malice.

The county court, also over the objection of respondent, permitted petitioner to give testimony in his own behalf as to the occurrence in which respondent was injured. There was no inquiry as to whether this evidence was given on the trial in the superior court or was ever presented to the jury.

The law applicable in cases of this kind has been stated in many cases by the Supreme Court and by this court. Section 2 of the Insolvent Debtors Act, Ill. State Bar Stats. 1935, ch. 72, ¶ 5, provides:

"When any person is arrested or imprisoned upon any process issued for the purpose of holding such person to bail upon any indebtedness, or *in any civil action when malice is not the gist of the action,* . . . such person may be released from such arrest or imprisonment upon complying with the provisions of this Act."

The numerous cases, which have been decided construing this section of the act, are all to the effect that the burden of proof is upon the petitioning debtor to show that the judgment upon which the execution was issued is of such character that malice is not the gist of the action. If the debtor affirmatively shows that malice is not the gist of the action, he should be discharged; if he does not establish that proposition, he

should be held. Of the many cases which might be cited, *Jernberg v. Mix,* 199 Ill. 254, and the recent case of *In re Blacklidge,* 359 Ill. 482, will be sufficient.

The cases also hold that this question is to be determined largely from the record of the judgment upon which the process issues and the allegations of the pleadings in the case in which the judgment was entered. If there is no count in the declaration of which malice is the gist, the debtor should be discharged. If there are several counts, some of which set up a cause of action, of which malice is the gist and others of which it is not, extraneous evidence may be received by the court in order to determine under which count the verdict was rendered. If it was rendered under the count or counts averring malice, the debtor will be held; if, under the count or counts which do not aver malice and of which malice is not the gist, the debtor will be discharged. A few of the many cases which might be cited are *Jernberg v. Mix,* 199 Ill. 254; *Buck v. Alex,* 350 Ill. 167; *In re Blacklidge,* 359 Ill. 482; *In re Greenberg v. Connor,* 189 Ill. App. 419; *Fetz v. People,* 239 Ill. App. 250; *Scanlon v. Whalen,* 249 Ill. App. 19.

In the first place, it is clear, we think, that the court erred in receiving the evidence submitted in behalf of petitioner as to the occurrence upon which the suit in the superior court was based. We do not understand that in cases such as this a new trial is to be awarded on the merits. The sole question at issue is, What determination was reached upon the trial of the case? There might be circumstances where evidence could properly be received upon the hearing of a petition as to what evidence was in fact given at the trial, but we know of no case which holds that evidence as to the occurrence should be received, irrespective of whether it was in fact presented to the jury that tried the case.

The question here therefore seems to be narrowed down to the point of whether the second count of this

declaration states a cause of action, of which malice is the gist. A careful comparison of it with the first count would seem to demand an affirmative answer. The first count avers negligence on the part of defendant and the use of due care and diligence for his own safety on the part of plaintiff. The second count does not allege negligence of defendant in any manner whatever, and it does not aver due care upon the part of plaintiff, nor can it be successfully contended that the words "wilfully, wantonly and maliciously" are mere epithets without any context to support them. The count goes on to say that this conduct was in connection with defendant's driving an automobile; that it was driven against plaintiff; that it threw him with great force and violence against divers fixtures of the automobile and to and upon the ground. While the formal allegation of *vi et armis* does not appear, the facts averred would, in our opinion, after a verdict, sustain a judgment as for an assault, and an assault may be committed by driving an automobile against another person (*Land v. Bachman,* 223 Ill. App. 473; *Fetz v. People,* 239 Ill. App. 250) and the driver of an automobile may be guilty of an assault with a deadly weapon (*People v. Benson,* 321 Ill. 605). Indeed, there seems no good reason why a person who, by driving an automobile, inflicts injury may not be held guilty of an assault as well as if he made use of any other instrumentality. Neither is the answer to the interrogatory without weight in this connection, as petitioner contends. It is of course true that if the second count does not state a cause of action, of which malice is the gist, it cannot be aided by an affirmative answer to an interrogatory such as was given; but the answer to the interrogatory does show affirmatively that the jury returned its verdict under the second count, and for that reason is important. Petitioner relies very much on *Scanlon v. Whalen,* 249 Ill. App. 19, but the absence of any answer to an interrogatory or special

finding by the jury in that case was pointed out in the opinion, and in the later case of *In re Petition of Gaida,* 270 Ill. App. 247, this court held that where the jury had given an affirmative answer to the interrogatory, ''Was the defendant, Frank J. Gaida, guilty of reckless, wilful and wanton driving at the time of the accident to plaintiff's intestate?''; this amounted to a finding that defendant was guilty of legal malice. We there said:

''The special finding was applicable only to the second and third counts of the declaration. Without the special finding, the second and third counts and the general verdict of guilty would not necessarily or affirmatively prove that malice was the gist of the action. *Levy v. Schikowski,* 239 Ill. App. 447. But with the special verdict in the record before us, the question of whether malice was the gist of the action in the circuit court was adjudicated (*Jernberg v. Mix,* 199 Ill. 254) and was not the subject of further inquiry in the county court.'' That case cannot be distinguished from this one.

The judgment of the county court is therefore reversed and the cause remanded with directions to remand petitioner to the custody of the sheriff of Cook county.

*Reversed and remanded with directions.*

McSurely, P. J., and O'Connor, J., concur.